Regina A. Petty (SBN 106163)
    E-Mail:  rpetty@fisherphillips.com
Adam F. Sloustcher (SBN 291657)
    E-Mail:  asloustcher@fisherphillips.com
Kevonna J. Ahmad (SBN 324312)
    E-Mail:  kahmad@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California  92121
Telephone:  (858)597-9600
Facsimile:   (858)597-9601

Attorneys for Defendant
Palomar Community College District

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHRYN KAILIKOLE, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>PALOMAR COMMUNITY COLLEGE DISTRICT, a governmental entity; and DOES 1 through 25, inclusive,<br><br>                    Defendants. | Case No:  3:18-cv-02877-AJB-MSB<br><br>*[Previously San Diego Superior Court Case No. 37-2018-00058754-CU-WT-NC before the Honorable Ronald F. Frazier]*<br><br>**DEFENDANT PALOMAR COMMUNITY COLLEGE DISTRICT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>State Complaint:  November 20, 2018 |

Defendant   PALOMAR   COMMUNITY   COLLEGE   DISTRICT

("Defendant") files this Answer and Affirmative Defenses to Plaintiff KATHRYN

KAILIKOLE's ("Plaintiff") Complaint. Except as expressly admitted below,

Defendant denies the allegations in Plaintiff's Complaint.

/ / /

/ / /

/ / /

/ / /

## RESPONSE TO PLAINTIFF'S ALLEGATIONS

### General Allegations

1.      In answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff Kathryn Kailikole was the Dean of Mathematics and the Natural and Health Sciences ("MNHS") Division for Palomar College. Further, Defendant admits that Palomar College is a community college.

2.      In answering Paragraph 2 of the Complaint, Defendant denies it had a campaign to discredit, discriminate against, embarrass, and retaliate against Plaintiff through placing Plaintiff on involuntary leave, non-renewing her contract and terminating her employment. Defendant further denies that Plaintiff's claims arise out of the alleged adverse employment actions taken by the District. Defendant further denies that it retaliated or discriminated against Plaintiff in any way whatsoever. Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff suffered a disability, and on that basis denies that Plaintiff had a disability. Defendant denies that it avoided accommodating Plaintiff's alleged disability. Except as so denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

3.      In answering Paragraph 3 of the Complaint, Defendant admits Plaintiff's first position with the District was as the Interim Dean of Mathematics and the Natural Sciences, however, Defendant denies that Plaintiff was hired as Interim Dean in January 2016. Defendant admits that Plaintiff became the Dean of Mathematics and the Natural Sciences and signed an employment contract effective April 11, 2017, with a two-year term to begin on July 1, 2017. Defendant denies that Plaintiff was named Dean due to her excellent performance as an administrator, her leadership in managing faculty, her uncompromising commitment to the well-being of students and her ability to raise funds for the College.

2

FPDOCS 35360692.1

4.      In answering Paragraph 4 of the Complaint, Defendant admits that Plaintiff told Jack Kahn that she was experiencing work-related medical concerns. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

5.      In answering Paragraph 5 of the Complaint, Defendant denies that the student complainant requested to be left anonymous for fear of retaliation. Defendant denies that the students reported that Takashi Nakajima and Arthur Gerwig "were engaged in racist and sexually harassing conduct." Except as specifically denied, Defendant admits the remainder of the allegations contained in this paragraph.

6.      In answering Paragraph 6 of the Complaint, Defendant admits that Plaintiff was an academic dean who was responsible for, among other things, planning, organizing, administering, developing, and evaluating the instructional programs, project and activities of her division. Defendant admits that its Human Resources Department, Office of Student Affairs and Equal Opportunity and Compliance Office are among the offices and persons responsible for ensuring compliance with anti-discrimination laws. Defendant also admits that Plaintiff made forwarded a complaint to Shawna Cohen about Mr. Nakajima and Mr. Gerwig on May 31, 2017. Defendant denies that Plaintiff was not responsible for ensuring compliance with relevant anti-discrimination laws, regulations and policies, and that such responsibility is limited to the Human Resources Department, Office of Student Affairs and Equal Opportunity and Compliance Office ("EEO Office"). Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

/ / /

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:18-CV-02877-AJB-MSB

7.    In answering Paragraph 7 of the Complaint, Defendant admits that Plaintiff had no control over Title IX investigations or remedial actions. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

8.    In answering Paragraph 8 of the Complaint, Defendant admits that after its Title IX Coordinator reviewed the postings in the physics lab, the District began an investigation of the materials that were deemed objectionable. Defendant admits that the investigation lasted from about July 2017 to November 2017 and that Plaintiff was interviewed as a witness in the investigation. Defendant denies that the investigation was of Nakajima and Gerwig's racist and sexually harassing conduct.

9.    In answering Paragraph 9 of the Complaint, Defendant admits the allegations contained in this paragraph.

10.    In answering Paragraph 10 of the Complaint, Defendant admits that toward the end of November 2017, Dr. Lisa Norman was the Assistant Superintendent/ Vice President of Human Resources. Defendant admits that Plaintiff met with Dr. Lisa Norman toward the end of November 2017, that Plaintiff suggested to Norman that Nakajima and Gerwig be terminated, and that Norman indicated that the District would not terminate Nakajima and Gerwig. Defendant denies that Dr. Norman's reason for denying Ms. Kailikole's request was because the offense did not merit harming Nakajima and Gerwig's careers and damaging their livelihood. Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

11.    In answering Paragraph 11 of the Complaint, Defendant admits Plaintiff met with Dr. Jack Kahn, however, Defendant denies that the meeting was on December 4, 2017. Except as so admitted and denied, Defendant lacks sufficient

4

knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

12.    In answering Paragraph 12 of the Complaint, Defendant denies that its goal was not to protect students but rather to avoid the appearance of anything out of the ordinary involving Nakajima and Gerwig. Defendant denies that Nakajima and Gerwig were placed on one month of unpaid leave on December 12, 2017. Defendant further denies that it failed to take appropriate action against Nakajima and Gerwig. Except as so denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

13.    In answering Paragraph 13 of the Complaint, Defendant admits Plaintiff was placed on paid leave on December 14, 2017. Defendant denies that placing Plaintiff on leave was sudden and mysterious and that Dr. Kahn made a pledge to accommodate her medical condition. Defendant further denies that the decision to place Plaintiff on leave was made with two days of Nakajima and Gerwig being placed on leave and that it failed to take appropriate action against Nakajima and Gerwig. Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

14.    In answering Paragraph 14 of the Complaint, Defendant denies that after Plaintiff was placed on leave she was escorted off campus like a criminal. Defendant admits that Plaintiff was escorted off campus so that Shawna Cohen could collect her keys and parking car, lost access to her computer during the leave to protect the integrity of the investigation into her misconduct, relieved of her duties in overseeing her division during the investigation, and instructed not to speak to any employees or students at the District during the investigation. Defendant further admits that Plaintiff was placed on paid leave due to allegations

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:18-CV-02877-AJB-MSB

FPDOCS 35360692.1

involving a breach of confidentiality. Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

15.    In answering Paragraph 15 of the Complaint, Defendant denies that Plaintiff was left on paid leave for 5 months without being informed of the specific nature of the charges against her. Defendant further denies that during said time period no mention was made to Plaintiff about job performance issues. Defendant admits Plaintiff was instructed not to communicate with District employees or students while she was under investigation and on paid leave. Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

16.    In answering Paragraph 16 of the Complaint, Defendant denies that it refused to provide Plaintiff and her counsel with substantive information regarding why she was placed on leave. Defendant denies that it told Ms. Kailikole that the investigation of her originated in the Physics and Engineering Department. Defendant admits that after she was placed on leave, Plaintiff informed the District that she believed the decision to place her on leave was in retaliation for reporting Nakajima and Gerwig's misconduct. Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

17.    In answering Paragraph 17 of the Complaint, Defendant admits that on February 27, 2018 the District's Governing Board voted not to renew Plaintiff's employment contract. Defendant further admits that in line with the Education Code and the District's Administrative Employee Handbook, the Governing Board exercised its discretion to non-renew Plaintiff's contract without explanation.

6

FPDOCS 35360692.1

Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

18.    In answering Paragraph 18 of the Complaint, Defendant admits on February 28, 2018 Plaintiff was interviewed by the District's investigator about, among other things, the incident where Nakajima and Gerwig used an airsoft gun in the classroom. Defendant admits that Plaintiff reported the incident to the campus police in April 2016, the campus police completed an investigation into the matter, and the campus police concluded that the gun should not have been used without prior approval by the police. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

19.    In answering Paragraph 19 of the Complaint, Defendant admits after Plaintiff came forward with a request to remove Nakajima and Gerwig from their classrooms for failure to follow directives, Dr. Norman advised Plaintiff that she or Dr. Finkenthal should observe Nakajima and Gerwig in their classrooms to determine if they were violating any rules. Defendant further admits that on December 8, 2017 Plaintiff forwarded Dr. Finkenthal an e-mail about the airsoft gun incident. Defendant denies that it had engaged in an effort to look for information to discredit Plaintiff. Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

20.    In answering Paragraph 20 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:18-CV-02877-AJB-MSB

FPDOCS 35360692.1

21.   In answering Paragraph 21 of the Complaint, Defendant admits that its investigator asked Plaintiff whether she ever agreed with Dr. Finkenthal that he would provide information about the airsoft gun incident to any other person and that Plaintiff's purported answer to this question was "no."  Defendant further admits that the investigator asked Plaintiff if Dr. Finkenthal ever indicated to her that he intended to provide information about the airsoft gun incident to his wife or members of the District's Governing Board or "anything like that," and that Plaintiff's testimony and response to this question was "no."

22.   In answering Paragraph 22 of the Complaint, Defendant denies that while Plaintiff was on leave and the investigation into her misconduct was pending, faculty members were being told that she was not returning. Except as so denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

23.   In answering Paragraph 23 of the Complaint, Defendant denies it began telling faculty members that Plaintiff was not returning. Defendant admits that on May 4, 2018 it sent notice to Plaintiff that Dr. Kahn was recommending her termination.

24.   In answering Paragraph 24 of the Complaint, Defendant admits that one of the reasons for Plaintiff's termination was the investigator's determination that she engaged in a conspiracy with Dr. Finkenthal to leak information to Dr. Finkenthal's wife. Defendant also admits the investigator found that Plaintiff was not a credible witness and the investigator did not believe Plaintiff's purported reason for forwarding the e-mails about the airsoft gun incident to Dr. Finkenthal. Defendant denies that the *only* evidence cited in support of the conspiracy was that three days after Plaintiff forwarded the e-mail about the airsoft gun incident to Dr. Finkenthal, he forwarded the e-mail to his wife. Defendant further denies that the charges against Plaintiff for engaging in a conspiracy to leak information were

8

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:18-CV-02877-AJB-MSB

manufactured by the District because it lacked any legitimate reason to non-renew and terminate Plaintiff's contract. Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

25.    In answering Paragraph 25 of the Complaint, Defendant admits that the Notice of Proposed Disciplinary Action mailed to Plaintiff on May 2, 2018 contained a list of issues with Plaintiff's performance. Defendant denies that none of the performance issues would constitute cause for termination. Defendant further denies that none of the performance issues were ever presented to Plaintiff as potential reasons for discipline or termination.

26.    In answering Paragraph 26 of the Complaint, Defendant admits that an additional reason for Plaintiff's proposed termination was that Plaintiff failed to appropriately monitor Nakajima and Gerwig. Defendant admits that Plaintiff reported and complained about Nakajima and Gerwig. Defendant denies that the reason was false and pretextual. Defendant denies that Plaintiff was the first dean to exercise supervision over Nakajima and Gerwig. Defendant further denies that it willfully failed to take action against Nakajima and Gerwig. Defendant denies that it was angry at Plaintiff for reporting Nakajima and Gerwig because the reports required the District to take action against tenured professors which risked raising suspicions and questions by students and faculty if they were terminated or placed on an extensive leave. Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

27.    In answering Paragraph 27 of the Complaint, Defendant admits that on June 13, 2018 the Governing Board voted to terminate Plaintiff's employment.

28.    In answering Paragraph 28 of the Complaint, Defendant denies that placing Plaintiff on leave, the non-renewal of her contract, and the termination of

9

FPDOCS 35360692.1

her employment were done in retaliation against Plaintiff for complaining about Nakajima and Gerwig's alleged racist and sexually harassing conduct. Defendant further denies that these actions were taken in retaliation for Plaintiff complaining about that the decision to place her on leave for reporting Nakajima and Gerwig was retaliator; to discriminate and retaliate against Plaintiff for requesting a disability accommodation; and to avoid accommodating the alleged disability she purports to have discussed with Dr. Kahn. Defendant denies that Plaintiff was mysteriously placed on leave and subjected to a bogus investigation. Defendant denies that Plaintiff was never given any indication that her job was in danger before the District investigated Nakajima and Gerwig or before Plaintiff requested an accommodation for her alleged disability. Defendant lack sufficient knowledge or information to form a belief as to whether Plaintiff suffered a disability, and on that basis denies that Plaintiff had a disability. Defendant denies that it avoided accommodating Plaintiff's alleged disability. Defendant denies that Plaintiff received a stellar review and was told that she was an "incredibly valuable member" of the administration. Defendant admits that Plaintiff was given a promotion. Except as admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

29.    In answering Paragraph 29 of the Complaint, Defendant denies that it engaged in discriminatory and/or retaliatory conduct. Defendant denies that Plaintiff exhausted her administrative remedies with respect to her seventh cause of action under California Labor Code section 1102.5. Defendant lacks sufficient knowledge to form a belief as to the truthfulness of Plaintiff's allegations that she exhausted her administrative remedies for her first through sixth causes of actions with the Department of Fair Employment and Housing, and on that basis denies that Plaintiff exhausted administrative remedies as to her first through sixth causes of action.  In the remainder of this Paragraph, Plaintiff lists the statutes which she

10

FPDOCS 35360692.1

purports to bring her causes of action under and no response is necessary. To the extent a response is deemed required, Defendant admits that Plaintiff purports to bring this action for 1) retaliation in violation of 20 U.S.C. § 1681; 2) retaliation in violation of 42 U.S.C. § 2000d; 3) retaliation in violation of Government Code section 12940(h); 4) disability discrimination in violation of Government Code section 12940(a); 5) failure to accommodate disability in violation of Government Code section 12940(m); 6) failure to engage in the interactive process in violation of Government Code section 12940(n); and 7) retaliation in violation of Labor Code section 1102.5.

### Jurisdiction and Venue

30.     In answering Paragraph 30 of the Complaint, this paragraph contains Plaintiffs' jurisdictional allegations, to which no response is required.  To the extent a response is deemed required, Defendant admits that it resides in California, has appeared in this action, and removed this action to this Court. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

31.     In answering Paragraph 31 of the Complaint, this paragraph contains Plaintiffs' jurisdictional allegations, to which no response is required.  To the extent a response is deemed required, Defendant admits that it resides in California. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

### The Parties

32.     In answering Paragraph 32 of the Complaint, this paragraph contains Plaintiffs' jurisdictional allegations, to which no response is required.  To the extent a response is deemed required, Defendant lacks sufficient knowledge or

/ / /

11

FPDOCS 35360692.1

1    information to form a belief as to the truthfulness of the allegations contained in

2    this paragraph, and on that basis denies each and every allegation.

3                        **Factual Allegations Common to All Causes of Action**

4        **A.      Plaintiff is Appointed as Interim Dean**

5        33.     In answering Paragraph 31 of the Complaint, this paragraph contains

6    Plaintiffs' jurisdictional allegations, to which no response is required. To the extent

7    a response is deemed required, Defendant admits it is a public entity which operates

8    in, and has its principal place of business in San Diego County.

9        34.     In answering Paragraph 34 of the Complaint, Defendant lacks

10   sufficient knowledge or information to form a belief as to the truthfulness of the

11   allegations contained in this paragraph, and on that basis denies each and every

12   allegation.

13       35.     In answering Paragraph 35 of the Complaint, Defendant denies that

14   Plaintiff was hired as interim Dean of the MNHS Department on or about January

15   13, 2016. Defendant denies that Plaintiff was recommended for the position of

16   Interim Dean of the MNHS Department by Sourbeer.

17       36.     In answering Paragraph 36 of the Complaint, Defendant admits that

18   the initial term of Plaintiff's employment contract as Interim Dean was from

19   January 10, 2016 through June 30, 2016. Defendant admits that Plaintiff's contract

20   as Interim Dean was amended and that the term was extended from July 1, 2016

21   through June 30, 2017. Defendant denies that as of May 10, 2016 the District's

22   administration and Governing Board was plainly satisfied with Plaintiff's

23   performance. Except as so admitted and denied, Defendant lacks sufficient

24   knowledge or information to form a belief as to the truthfulness of the allegations

25   contained in this paragraph, and on that basis denies each and every allegation.

26       37.     In answering Paragraph 37 of the Complaint, Defendant admits

27   pursuant to Plaintiff's contract, she *could* be terminated for a "material and

28   substantial breach" of her Agreement and/ or for cause," however, Defendant

                                                12

denies that these are the *only* reasons it could have terminated Plaintiff's employment pursuant to her contract. Defendant admits that Cause is defined as "actions, omissions, or behaviors, which are detrimental to the operations of the District and/or its major instructional, student and administrative decisions, or which impair the District's mission purpose or objectives… which includes, but is not limited to, unsatisfactory work performance, dishonesty, misconduct, unprofessional conduct, or insubordination."

**B.**   **Plaintiff Reports Professors Nakajima and Gerwig to the Campus Police for Improperly Using an Airgun in the Classroom**

38.   In answering Paragraph 38 of the Complaint, Defendant admits that Plaintiff was appointed as Interim Dean.  Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

39.   In answering Paragraph 39 of the Complaint, Defendant admits two students reported that Nakajima used an airsoft gun in the classroom and that the students alleged that Nakajima stayed in the back of the room talking to other professors and students while the gun was being used. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

40.   In answering Paragraph 40 of the Complaint, Defendant admits the Campus Police are among those responsible for student safety issues. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

/ / /

/ / /

13

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:18-CV-02877-AJB-MSB

41.     In answering Paragraph 41 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

42.     In answering Paragraph 41 of the Complaint, Defendant admits the Campus Police conducted an investigation which included dispatching Officer So'Oto of the Palomar Community College Police Department to meet with Plaintiff and the two students. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

43.     In answering Paragraph 43 of the Complaint, Defendant admits that during the investigation Plaintiff provided Officer So'Oto with a copy of the District's policy on the use of weapons in the classroom. Defendant admits the policy on weapons in the classroom requires such use to be approved by the Chief of Police. Defendant admits that the students e-mailed statements related to their allegations to Plaintiff and one student e-mailed a video to Plaintiff. Defendant admits Plaintiff provided the student's statements and the video to Officer So'Oto.

44.     In answering Paragraph 44 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

45.     In answering Paragraph 45 of the Complaint, Defendant admits Officer So'Oto interviewed Nakajima as part of his investigation and that Nakajima told So'Oto that he had been using the airsoft gun as part of his curriculum for two years.

/ / /

/ / /

/ / /

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:18-CV-02877-AJB-MSB

FPDOCS 35360692.1

46. In answering Paragraph 46 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

47. In answering Paragraph 47 of the Complaint, Defendant admits at the time of the gun incident Plaintiff had worked for the District for about three months. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

**C.    The District Promotes Dr. Kailikole to Dean of the MNHS Division**

48. In answering Paragraph 48 of the Complaint, Defendant admits that Sourbeer submitted a formal evaluation of Plaintiff's performance as Interim Dean. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

49. In answering Paragraph 49 of the Complaint Defendant admits that in Sourbeer's subjective evaluation of Plaintiff's performance as Interim Dean he stated Plaintiff "stepped into the MNHS Interim Dean position with confidence and passion." Defendant admits the remainder of the allegations contained in this paragraph.

50. In answering Paragraph 50 of the Complaint, Defendant admits that allegations contained in this paragraph to the extent they represent Sourbeer's subjective evaluation of Plaintiff's performance as Interim Dean.

51. In answering Paragraph 51 of the Complaint, Defendant admits Sourbeer elected to retire rather than exercise his retreat rights, leaving the Dean of the MNHS Department vacant. Defendant admits that Plaintiff was promoted to Dean of the MNHS Department. Defendant admits Plaintiff was responsible for planning, organizing, administering, developing, and evaluating the instructional

15

programs, projects and activities of her division, among other things. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

52.    In answering Paragraph 52 of the Complaint, Defendant admits Plaintiff was hired as Dean of the MNHS Department pursuant to an employment contract with the District dated as effective April 11, 2017. Defendant admits the employment contract was executed by Plaintiff on May 9, 2017 and the term of the contract was from July 1, 2017 through June 20, 2019. Defendant denies that Plaintiff could *only* be terminated for "a material and substantiated breach of the agreement" and/or for "cause."

**D.    Plaintiff Reports Racist and Sexually Harassing Conduct By Nakajima and Gerwig**

53.    In answering Paragraph 53 of the Complaint, Defendant admits that Plaintiff told Jack Kahn that she was experiencing work-related medical concerns. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

54.    In answering Paragraph 54 of the Complaint, Defendant admits that in May 2017 Dr. Finkenthal reported to Plaintiff that a student complained to him about various posters and other materials that were posted conspicuously on the walls and doors of rooms NS-249 and NS-252 in the Physics and Engineering Department. Defendant admits Dr. Finkenthal showed the materials to Plaintiff. Defendant admits NS-249 and NS-252 are rooms used by Nakajima and Gerwig.

55.    In answering Paragraph 55 of the Complaint, Defendant admits the allegations contained in this paragraph.

56.    In answering Paragraph 56 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the

16

FPDOCS 35360692.1

allegations contained in this paragraph, and on that basis denies each and every allegation.

57.    In answering Paragraph 57 of the Complaint, Defendant admits Plaintiff was an academic dean and that she reported Nakajima and Gerwig to Shawna Cohen. Defendant admits that the Human Resources Department, Student Affairs Office and Equal Opportunity Compliance Office are among the departments and persons that are responsible for ensuring compliance with relevant anti-discrimination laws and regulations. Defendant denies that Plaintiff was not responsible for ensuring compliance with relevant anti-discrimination laws and regulations. Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

58.    In answering Paragraph 58 of the Complaint, Defendant admits that its Human Resources Department, Office of Student Affairs and Equal Opportunity and Compliance Office are among the offices and persons responsible for ensuring compliance with anti-discrimination laws. Defendant admits it denied Plaintiff's request to place Nakajima and Gerwig on leave pending the investigation into the postings in rooms NS-249 and NS-252. Defendant admits that Plaintiff had no control over Title IX investigations or remedial actions. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

59.    In answering Paragraph 59 of the Complaint, Defendant admits that on June 28, 2017 Adrian Gonzalez, the Assistant Superintendent/Vice President, Student Services and the District's Title IX Coordinator, notified Ms. Cohen that an investigation was required.

60.    In answering Paragraph 60 of the Complaint, Defendant admits that Plaintiff requested Nakajima and Gerwig be placed on paid leave and removed

17

FPDOCS 35360692.1

from the classroom while the District investigated the postings. Defendant admits it denied Plaintiff's request. Defendant admits the administrators who reviewed the postings determined that they violated state and federal anti-discrimination regulations, including Title IX. Defendant denies that students were in imminent danger. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

61.   In answering Paragraph 61 of the Complaint, Defendant admits the investigation of Nakajima and Gerwig was conducted by outside attorney, Jeffrey Love. Defendant further admits that in conducting the investigation, Love interviewed Dr. Finkenthal, Plaintiff, Nakajima, Gerwig, Hector Garcia Villa, another Physics and Engineer professor, and Susan Snow, a professor in the Mathematics Department who was also Nakajima and Gerwig's union representative.

62.   In answering Paragraph 62 of the Complaint, Defendant admits that on November 1, 2017, Mr. Love issued a summary of his investigation. Defendant admits that in the report Mr. Love purported that Nakajima and Gerwig were not credible and their claimed unawareness of the postings was not credible. Defendant admits that in his report Mr. Love stated, "clearly they were aware of these materials, had either displayed the items themselves, or allowed and even encouraged others to do so." Defendant admits Plaintiff was interviewed as a witness in the investigation. Defendant denies that Exhibit A attached to the Complaint is a true and correct copy of Mr. Love's report. Defendant denies that in the report Mr. Love stated that "Nakajima and Gerwig demonstrated a general attitude of indifference to following the rules of the District concerning the avoidance of sexual harassment, discrimination, and maintaining a wholesome student academic environment."

/ / /

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:18-CV-02877-AJB-MSB

FPDOCS 35360692.1

63.     In answering Paragraph 63 of the Complaint, Defendant admits that according to Mr. Love's subjective opinion, Plaintiff and Dr. Finkenthal were credible witnesses in the investigation of the postings in rooms NS-249 and NS-252, along with Hector Garcia Villa and Susan Snow.

64.     In answering Paragraph 64 of the Complaint, Defendant admits that in 2009 the United States Department of Education's OCR Office investigated the Physics and Engineering Department. Defendant admits that during Dr. Finkenthal's interview with Mr. Love, he told Mr. Love that "after the sensitivity training, also in 2009, Nakajima refused to accommodate a student who used a wheelchair and told the student that he should just take vitamins and 'take care' of himself." Defendant denies that the OCR office found that Nakajima and Gerwig failed to accommodate a student with a disability. Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

65.     In answering Paragraph 65 of the Complaint, Defendant denies that Plaintiff met with Dr. Lisa Norman toward the end of November 2017, that Plaintiff suggested to Norman that Nakajima and Gerwig be terminated, and that Norman indicated that the District would not terminate Nakajima and Gerwig because the offense did not merit harming their careers and damaging their livelihood. Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

66.     In answering Paragraph 66 of the Complaint, Defendant admits that on November 27, 2018, Dr. Norman e-mailed Plaintiff. Defendant admits that Dr. Norman instructed Plaintiff to involve Dr. Finkenthal in the oversight of Nakajima and Gerwig and to have Dr. Finkenthal observe Nakajima and Gerwig so that he could substantiate any complaints. Defendant admits that Dr. Norman

19

FPDOCS 35360692.1

1  recommended that either Plaintiff or Dr. Finkenthal observe Gerwig and Nakajima
2  in the classroom first hand. Defendant denies that Dr. Norman "made it crystal clear
3  that District would not place Nakajima and Gerwig on any type of leave, even paid
4  leave, so as to avoid doing anything that may create liability and deviate from our
5  goals and mission."

6       67.   In answering Paragraph 67 of the Complaint, Defendant admits that
7  Dr. Norman requested Plaintiff and Dr. Finkenthal to handle overseeing Nakajima
8  and Gerwig. Defendant denies that the Title IX office was afraid to fulfill its
9  responsibilities by taking action to protect students from Nakajima and Gerwig.
10  Defendant admits Plaintiff's responsibilities among other things, were related to
11  the instruction of students and administration of academic programs. Defendant
12  denies that Plaintiff had no power or responsibility for ensuring that professors
13  comply with anti-discrimination laws. Defendant denies that ensuring compliance
14  with anti-discrimination laws is an express function of the Human Resources
15  Office, Student Affairs Office EEO Office, and Title IX Office. Except as so
16  admitted and denied, Defendant lacks sufficient knowledge or information to form
17  a belief as to the truthfulness of the allegations contained in this paragraph, and on
18  that basis denies each and every allegation.

19       68.   In answering Paragraph 68 of the Complaint, Defendant admits
20  Plaintiff met with Dr. Jack Kahn, however, Defendant denies that the meeting took
21  place on December 4, 2017. Defendant denies that Dr. Kahn did not indicate that
22  she had done anything to place her job in danger. Except as so admitted and denied,
23  Defendant lacks sufficient knowledge or information to form a belief as to the
24  truthfulness of the allegations contained in this paragraph, and on that basis denies
25  each and every allegation.

26       69.   In answering Paragraph 69 of the Complaint, Defendant admits
27  Nakajima and Gerwig were place on unpaid leave for a month. Defendant admits
28  that the District Investigator found that Nakajima and Gerwig engaged in or

20

FPDOCS 35360692.1

allowed discriminatory conduct and lied about their engagement in said conduct. Defendant denies that Nakajima and Gerwig had a history of discriminatory conduct. Defendant denies that Nakajima and Gerwig's punishment was grossly inadequate. Defendant further denies that it engaged in a pattern and practice of covering up misconduct by Nakajima and Gerwig. Defendant denies that it knew Nakajima's Gerwig's presence in the classroom subjected students, student assistants and faculty to discriminatory and harassing conduct.

**E.     The District Takes Adverse Employment Actions Against Plaintiff in Retaliation for Reporting Harassment and Discrimination and for Requesting an Accommodation for Her Disability**

70.     In answering Paragraph 70 of the Complaint, Defendant admits Plaintiff was placed on paid leave on December 14, 2017. Defendant denies that Nakajima and Gerwig were essentially excused from punishment. Defendant denies that Plaintiff disclosed her disability. Moreover, Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff suffered a disability, and on that basis denies that Plaintiff had a disability. Defendant denies that it avoided accommodating Plaintiff's alleged disability. Defendant denies that Plaintiff was not given any specific reason for being placed on leave. Defendant denies that after Plaintiff was placed on leave she was escorted off campus like a criminal. Defendant admits that Plaintiff was escorted off campus so that Shawna Cohen could collect her keys and parking car, lost access to her computer during the leave to protect the integrity of the investigation into her misconduct, relieved of her duties in overseeing her division during the investigation, and instructed not to speak to any employees or students at the District during the investigation. Defendant admits Plaintiff was told that she was being investigated for a breach of confidential information. Defendant denies that Plaintiff was completely cut-off from the College after she was placed on leave. Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the

21

FPDOCS 35360692.1

truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

71.   In answering Paragraph 71 of the Complaint, Defendant admits that Plaintiff was instructed not to contact District students or employees during the investigation into her misconduct. Defendant denies that Plaintiff was left on paid leave for 5 months without being informed of the specific nature of the charges against her. Defendant further denies that during said time period faculty members were falsely told that Plaintiff was on medical leave.  Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

72.   In answering Paragraph 72 of the Complaint, Defendant denies that it refused to provide Plaintiff and her counsel with substantive information regarding why she was placed on leave. Defendant denies that it told Ms. Kailikole that the investigation of her originated in the Physics and Engineering Department. Defendant admits that after she was placed on leave, Plaintiff informed the District that she believed the decision to place her on leave was in retaliation for reporting Nakajima and Gerwig's misconduct. Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

73.   In answering Paragraph 73 of the Complaint, Defendant admits that on February 27, 2018 the District's Governing Board voted not to renew Plaintiff's employment contract. Defendant further admits that in line with the Education Code and the District's Administrative Employee Handbook, the Governing Board exercised its discretion to non-renew Plaintiff's contract without explanation.

74.   In answering Paragraph 74 of the Complaint, Defendant admits on February 28, 2018 Plaintiff was interviewed by the District's investigator about,

22

among other things, the incident where Nakajima and Gerwig used an airsoft gun in the classroom. Defendant admits that on February 27, 2018 the District's Governing Board voted not to renew Plaintiff's employment contract. Defendant further admits, consistent with the terms of Plaintiff's existing employment contract, Plaintiff was not provided with a reason for the decision not to renew her contract. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

75.   In answering Paragraph 75 of the Complaint, Defendant admits that Plaintiff's testimony to the Investigator was that Dr. Lisa Norman had asked about the airsoft gun incident during the investigation of the posting in NS-249 and NS-252. Defendant admits that Plaintiff's testimony to the investigator was that she contacted Dr. Finkenthal with information about the airsoft gun incident to make sure it was not being used any more. Defendant admits that Plaintiff's testimony to the investigator was that Dr. Finkenthal said he did not think a gun was being used and Dr. Finkenthal requested further information so he could check on it. Defendant admits Plaintiff forwarded Dr. Finkenthal an e-mail about the airsoft gun on December 8, 201. Defendant denies that Dr. Norman reviewed this email without Plaintiff's consent and as part of the District's effort to look for information to discredit Dr. Kailikole.

76.   In answering Paragraph 76 of the Complaint, Defendant admits that Dr. Norman recommended that either Plaintiff or Dr. Finkenthal should observe Nakajima and Gerwig in the classroom to try to substantiate some of the student complaints. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

77.   In answering Paragraph 77 of the Complaint, Defendant admits that its investigator asked Plaintiff whether she ever agreed with Dr. Finkenthal that he

23

would provide information about the airsoft gun incident to any other person and that Plaintiff's purported answer to this question was "no."  Defendant further admits that the investigator asked Plaintiff if Dr. Finkenthal ever indicated to her that he intended to provide information about the airsoft gun incident to his wife or members of the District's Governing Board or "anything like that," and that Plaintiff's testimony and response to this question was "no."

78.    In answering Paragraph 78 of the Complaint, Defendant denies that it had already decided to terminate Plaintiff's employment by March 4, 2018 and was just using the investigator to manufacture a purported reason. Except as so denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

79.    In answering Paragraph 79 of the Complaint, Defendant admits that on May 2, 2018 Plaintiff received a letter informing her that Dr. Kahn was recommending her termination. Defendant denies that it began telling faculty members that Plaintiff was not returning, prior to the Govern Board voting to terminate her employment.

80.    In answering Paragraph 80 of the Complaint, Defendant admits that one of the reasons for Plaintiff's termination was the investigator's determination that she engaged in a conspiracy with Dr. Finkenthal to leak information to Dr. Finkenthal's wife. Defendant also admits the investigator found that Plaintiff was not a credible witness and the investigator did not believe Plaintiff's purported reason for forwarding the e-mails about the airsoft gun incident to Dr. Finkenthal. Defendant denies that the *only* evidence cited in support of the conspiracy was that three days after Plaintiff forwarded the e-mail about the airsoft gun incident to Dr. Finkenthal, he forwarded the e-mail to his wife. Defendant further denies that the charges against Plaintiff for engaging in a conspiracy to leak information were manufactured to cover up discriminatory and retaliatory reasons for Plaintiff's

24

termination. Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

81.     In answering Paragraph 81 of the Complaint, Defendant admits that the investigator's report did not list a specific person who made a complaint about Plaintiff. Defendant admits that the complaint was internally generated at the direction of Human Resources. Defendant admits that the investigator interviewed two witnesses, which included Plaintiff and Dr. Finkenthal. Defendant admits the investigator did not interview anyone in the Human Resources Department. Defendant denies that the investigator did not collect or review any documents related to the origins of the investigation. Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

82.     In answering Paragraph 82 of the Complaint, Defendant admits that the Notice of Proposed Disciplinary Action mailed to Plaintiff on May 2, 2018 contained a list of issues with Plaintiff's performance. Defendant denies that the performance issues were never presented to Plaintiff as potential reasons for discipline or termination. Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

83.     In answering Paragraph 83 of the Complaint, Defendant admits that an additional reason for Plaintiff's proposed termination was that Plaintiff failed to appropriately monitor Nakajima and Gerwig. Defendant denies that the reason was false and pretextual. Defendant denies that Plaintiff was the first dean to exercise supervision over Nakajima and Gerwig. Defendant further denies that it willfully failed to take action against Nakajima and Gerwig. Defendant denies that it was

FPDOCS 35360692.1

angered and embarrassed by Plaintiff's reporting of and testimony about, harassing conduct by Nakajima and Gerwig because it required the District to take action against tenured professors which risked raising suspicions and questions by students and faculty if they were terminated or placed on an extensive leave. Defendant denies that it wanted to punish Plaintiff for suggesting that the investigation of her was pretextual and was carried out to provide false support for the District's actions. Except as so admitted and denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

84.    In answering Paragraph 84 of the Complaint, Defendant admits that on June 13, 2018 the Governing Board voted to terminate Plaintiff's employment.

85.    In answering Paragraph 85 of the Complaint, Defendant denies that decisions to place Plaintiff on leave, non-renew her contract and terminate her were made to retaliate against her for complaining about Nakajima and Gerwig. Defendant denies that it "swept Nakajima and Gerwig's conduct under the rug." Defendant denies that it issued a disproportionately light penalty to Nakajima and Gerwig. Defendant denies that it retaliated against Plaintiff for reporting that the investigation of the confidentiality issue was pretextual and done in retaliation for reporting Nakajima and Gerwig. Defendant denies that it retaliated and discriminated against Plaintiff for, and to avoid accommodating Plaintiff's mental health disability. Defendant lack sufficient knowledge or information to form a belief as to whether Plaintiff suffered a disability, and on that basis denies that Plaintiff had a disability. Defendant denies that it avoided accommodating Plaintiff's alleged disability. Defendant denies that Plaintiff was never given any indication that her job was in danger. Except as so denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

86.    In answering Paragraph 86 of the Complaint, Defendant denies that Plaintiff was harmed in any way and that Plaintiff is entitled to any relief whatsoever. Except as so denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

## COUNT I
### Retaliation in Violation of 20 U.S.C. 1681
### (Against the District and DOES 1-20)

87.    In answering Paragraph 87 of the Complaint, Defendant specifically incorporates by reference its answers to each of the foregoing paragraphs of Plaintiffs' Complaint as though fully set forth herein.

88.    In answering Paragraph 88 of the Complaint, this paragraph contains Plaintiff's allegations paraphrasing the statutory language of 20 U.S.C. section 1681, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is an educational program and that it receives federal financial assistance. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation, except to refer to the language of the referenced statute, which speaks for itself.

89.    In answering Paragraph 89 of the Complaint, this paragraph contains paraphrasing of the statutory language of 20 U.S.C. section 6181(a) and case law, to which no response is required.  To the extent a response is deemed required, Defendant denies that it violated any laws, including 20 U.S.C. section 1681 and that Plaintiff was harmed in any way. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation, except to refer to the language of the referenced statute, which speaks for itself.

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:18-CV-02877-AJB-MSB

FPDOCS 35360692.1

90.     In answering Paragraph 90 of the Complaint, Defendant denies that Plaintiff engaged in protected activity under Title IX.

91.     In answering Paragraph 91 of the Complaint, Defendant denies that Plaintiff engaged in protected activity under Title IX and that it engaged in adverse employment actions against Plaintiff as a result of her reports relating to Nakajima and Gerwig.

92.     In answering Paragraph 92 of the Complaint, Defendant denies that Plaintiff engaged in protected activity under Title IX and that the adverse employment action taken against Plaintiff was connected to Plaintiff's reports regarding Nakajima and Gerwig in any way whatsoever.

93.     In answering Paragraph 93 of the Complaint, Defendant denies that it violated Title IX or that Plaintiff was harmed in any way. Defendant denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever.

94.     In answering Paragraph 94 of the Complaint, Defendant denies that it took any actions with malice, oppression, fraud, conscious disregard for Plaintiff's rights, or the malicious intent of injuring Plaintiff. Defendant denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever.

95.     In answering Paragraph 95 of the Complaint, Defendant denies that it violated any laws, including 20 U.S.C. section 1681. Defendant further denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever, including attorney's fees and/or costs.

/ / /

/ / /

/ / /

/ / /

/ / /

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:18-CV-02877-AJB-MSB

# COUNT II

## Retaliation in Violation of 42 U.S.C. 2000d *et seq.*

## (Against the District and DOES 1-20)

96.     In answering Paragraph 96 of the Complaint, Defendant specifically incorporates by reference its answers to each of the foregoing paragraphs of Plaintiffs' Complaint as though fully set forth herein.

97.     In answering Paragraph 97 of the Complaint, this paragraph contains Plaintiff's allegations paraphrasing the statutory language of Title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d *et seq.*), to which no response is required.  To the extent a response is deemed required, Defendant admits that it receives federal financial assistance. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation, except to refer to the language of the referenced statute, which speaks for itself.

98.     In answering Paragraph 98 of the Complaint, Defendant denies that Plaintiff engaged in protected activity under Title VI.

99.     In answering Paragraph 99 of the Complaint, Defendant denies that Plaintiff engaged in protected activity under Title VI and that it engaged in adverse employment actions against Plaintiff as a result of her reports relating to Nakajima and Gerwig.

100.    In answering Paragraph 100 of the Complaint, Defendant denies that Plaintiff engaged in protected activity under Title VI and that the adverse employment action taken against Plaintiff was connected to Plaintiff's reports regarding Nakajima and Gerwig in any way whatsoever.

101.    In answering Paragraph 101 of the Complaint, Defendant denies that it violated Title VI or that Plaintiff was harmed in any way. Defendant denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever.

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:18-CV-02877-AJB-MSB

FPDOCS 35360692.1

102.   In answering Paragraph 102 of the Complaint, Defendant denies that it took any actions with malice, oppression, fraud, conscious disregard for Plaintiff's rights, or the malicious intent of injuring Plaintiff. Defendant denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever.

103.   In answering Paragraph 103 of the Complaint, Defendant denies that it took any actions with malice, oppression, fraud, conscious disregard for Plaintiff's rights, or the malicious intent of injuring Plaintiff. Defendant denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever.

104.   In answering Paragraph 104 of the Complaint, Defendant denies that it violated any laws, including 42 U.S.C. 2000d Defendant further denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever, including attorney's fees and/or costs.

## COUNT III

## Retaliation in Violation of Government Code § 12940(h)

## (Against the District and DOES 1-20)

105.   In answering Paragraph 105 of the Complaint, Defendant specifically incorporates by reference its answers to each of the foregoing paragraphs of Plaintiffs' Complaint as though fully set forth herein.

106.   In answering Paragraph 106 of the Complaint, this paragraph contains Plaintiff's allegations paraphrasing the statutory language of Government Code section 12940(h), to which no response is required.  To the extent a response is deemed required, Defendant admits Plaintiff purports to plead a cause of action under Government Code section 12940 (h). Except as admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every

/ / /

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:18-CV-02877-AJB-MSB

allegation, except to refer to the language of the referenced statute, which speaks for itself.

107.   In answering Paragraph 107 of the Complaint, Defendant denies that it retaliated against Plaintiff. Except as so denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation, except to refer to the language of the referenced statute, which speaks for itself.

108.   In answering Paragraph 108 of the Complaint, Defendant denies that it violated any laws, including Government Code section 12940 (h). Defendant further denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever.

109.   In answering Paragraph 109 of the Complaint, Defendant denies that it took any actions with malice, oppression, fraud, conscious disregard for Plaintiff's rights, or the malicious intent of injuring Plaintiff. Defendant denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever.

110.   In answering Paragraph 110 of the Complaint, Defendant denies that it violated any laws, including Government Code section 12940 (h). Defendant further denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever, including attorney's fees and/or costs.

## COUNT IV

**Disability Discrimination in Violation of Government Code section 12940(a)**

**(Against the District and DOES 1-20)**

111.   In answering Paragraph 111 of the Complaint, Defendant specifically incorporates by reference its answers to each of the foregoing paragraphs of Plaintiffs' Complaint as though fully set forth herein.

/ / /

31

FPDOCS 35360692.1

112.   In answering Paragraph 112 of the Complaint, this paragraph contains Plaintiff's allegations paraphrasing the statutory language of Government Code section 12940(a), to which no response is required.  To the extent a response is deemed required, Defendant admits Plaintiff purports to plead a cause of action under Government Code section 12940 (a). Except as admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation, except to refer to the language of the referenced statute, which speaks for itself.

113.   In answering Paragraph 113 of the Complaint, Defendant denies that it knew Plaintiff was disabled, that Plaintiff told Dr. Kahn that she suffered from anxiety, and that Dr. Kahn pledged to support Plaintiff with her anxiety. Except as so denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

114.   In answering Paragraph 114 of the Complaint, Defendant denies that it violated any laws, including the FEHA. Defendant further denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever.

115.   In answering Paragraph 115 of the Complaint, Defendant denies that it violated any laws, including the FEHA. Defendant further denies that the Governing Board relied on any impermissible criteria in voting to place Plaintiff on leave, non-renewing her contract, and terminating her employment. Except as so denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation

116.   In answering Paragraph 116 of the Complaint, Defendant denies that it violated any laws, including the FEHA. Defendant further denies that Plaintiff

32

was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever.

117.   In answering Paragraph 117 of the Complaint, Defendant denies that it took any actions with malice, oppression, fraud, conscious disregard for Plaintiff's rights, or the malicious intent of injuring Plaintiff. Defendant denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever.

118.   In answering Paragraph 118 of the Complaint, Defendant denies that it violated any laws, including Government Code section 12940 (a). Defendant further denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever, including attorney's fees and/or costs.

**COUNT V**

**Failure to Accommodate Disability and Retaliation in Violation of**

**Government Code § 12940(m)**

**(Against the District and DOES 1-20)**

119.   In answering Paragraph 119 of the Complaint, Defendant specifically incorporates by reference its answers to each of the foregoing paragraphs of Plaintiffs' Complaint as though fully set forth herein.

120.   In answering Paragraph 120 of the Complaint, this paragraph contains Plaintiff's allegations paraphrasing the statutory language of Government Code section 12940(m), to which no response is required.  To the extent a response is deemed required, Defendant admits Plaintiff purports to plead a cause of action under Government Code section 12940 (m). Except as admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation, except to refer to the language of the referenced statute, which speaks for itself.

33

FPDOCS 35360692.1

121.   In answering Paragraph 121 of the Complaint, Defendant denies that it violated any law, including failing to make a reasonable accommodation for Plaintiff and retaliating or discriminating against Plaintiff for requesting an accommodation. Defendant further denies that it knew Plaintiff had a disability and lacks sufficient knowledge or information to form a belief as to the truthfulness of Plaintiff's allegation that she has a disability, and on that basis denies that Plaintiff had a disability. Except as so denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

122.   In answering Paragraph 122 of the Complaint, Defendant denies that it violated any laws, including the FEHA. Defendant further denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever.

123.   In answering Paragraph 123 of the Complaint, Defendant denies that it took any actions with malice, oppression, fraud, conscious disregard for Plaintiff's rights, or the malicious intent of injuring Plaintiff. Defendant denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever.

124.   In answering Paragraph 124 of the Complaint, Defendant denies that it violated any laws, including Government Code section 12940 (m). Defendant further denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever, including attorney's fees and/or costs.

/ / /

/ / /

/ / /

/ / /

/ / /

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:18-CV-02877-AJB-MSB

**COUNT VI**

**Failure to Engage in the Interactive Process in Violation of Government Code section 12490(n)**

**(Against the District and DOES 1-20)**

125.   In answering Paragraph 125 of the Complaint, Defendant specifically incorporates by reference its answers to each of the foregoing paragraphs of Plaintiffs' Complaint as though fully set forth herein.

126.   In answering Paragraph 126 of the Complaint, this paragraph contains Plaintiff's allegations paraphrasing the statutory language of Government Code section 12940(n), to which no response is required.  To the extent a response is deemed required, Defendant admits Plaintiff purports to plead a cause of action under Government Code section 12940 (n). Except as admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation, except to refer to the language of the referenced statute, which speaks for itself.

127.   In answering Paragraph 127 of the Complaint, Defendant denies that it violated any laws, including failing to engage in the interactive process with Plaintiff. Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of whether Plaintiff suffered a disability, and on that basis denies that Plaintiff had a disability. Except as so denied, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

128.   In answering Paragraph 128 of the Complaint, Defendant denies that it violated any laws, including the FEHA. Defendant further denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever.

/ / /

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:18-CV-02877-AJB-MSB

129.   In answering Paragraph 129 of the Complaint, Defendant denies that it took any actions with malice, oppression, fraud, conscious disregard for Plaintiff's rights, or the malicious intent of injuring Plaintiff. Defendant denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever.

130.   In answering Paragraph 130 of the Complaint, Defendant denies that it violated any laws, including Government Code section 12940 (n). Defendant further denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that Plaintiff is entitled to any relief whatsoever, including attorney's fees and/or costs.

### COUNT VII

### Retaliation in Violation of Labor Code § 1102.5

### (Against the District and DOES 1-20)

131.   In answering Paragraph 131 of the Complaint, Defendant specifically incorporates by reference its answers to each of the foregoing paragraphs of Plaintiffs' Complaint as though fully set forth herein.

132.   In answering Paragraph 132 of the Complaint, this paragraph contains Plaintiff's allegations paraphrasing the statutory language of Title IX and case law, to which no response is required.  To the extent a response is deemed required, Defendant admits Plaintiff purports to plead a cause of action under California Labor Code section 1102.5. Except as admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation, except to refer to the language of the referenced statute, which speaks for itself.

133.   In answering Paragraph 133 of the Complaint, this paragraph contains Plaintiff's allegations paraphrasing the statutory language of Title VI, to which no response is required.  To the extent a response is deemed required, Defendant admits Plaintiff purports to plead a cause of action under California Labor Code

36

FPDOCS 35360692.1

section 1102.5. Except as admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation, except to refer to the language of the referenced statute, which speaks for itself.

134.   In answering Paragraph 134 of the Complaint, this paragraph contains Plaintiff's allegations paraphrasing the statutory language of Government Code sections 12940(h) and 12940(m), to which no response is required.  To the extent a response is deemed required, Defendant admits Plaintiff purports to plead a cause of action under California Labor Code section 1102.5. Except as admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation, except to refer to the language of the referenced statute, which speaks for itself.

135.   In answering Paragraph 135 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation.

136.   In answering Paragraph 136 of the Complaint, this paragraph contains Plaintiff's allegations paraphrasing the statutory language of California Labor Code section 1102.5, to which no response is required.  To the extent a response is deemed required, Defendant admits Plaintiff purports to plead a cause of action under California Labor Code section 1102.5. Except as admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in this paragraph, and on that basis denies each and every allegation, except to refer to the language of the referenced statute, which speaks for itself.

137.   In answering Paragraph 137 of the Complaint, Defendant denies that it violated any laws, including the Labor Code section 1102.5. Defendant further

37

FPDOCS 35360692.1

1  denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff,
2  and that Plaintiff is entitled to any relief whatsoever.

3      138.   In answering Paragraph 138 of the Complaint, Defendant denies that
4  it violated any laws, including the Labor Code section 1102.5. Defendant further
5  denies that Plaintiff was harmed in any way, any damages are owed to Plaintiff,
6  and that Plaintiff is entitled to any relief whatsoever.

7      139.   In answering Paragraph 139 of the Complaint, Defendant denies that
8  it took any actions with malice, oppression, fraud, conscious disregard for
9  Plaintiff's rights, or the malicious intent of injuring Plaintiff. Defendant denies that
10 Plaintiff was harmed in any way, any damages are owed to Plaintiff, and that
11 Plaintiff is entitled to any relief whatsoever.

12 **EXHAUSTION OF ADMINISTRATIVE REMEDIES UNDER**
13 **GOVERNMENT CODE SECTION 1265(b)**

14     140.   In answering Paragraph 140 of the Complaint, Defendant denies that
15 Plaintiff exhausted her administrative remedies with respect to her seventh cause
16 of action under California Labor Code section 1102.5. Except as so denied,
17 Defendant lacks sufficient knowledge to form a belief as to the truthfulness of
18 Plaintiff's allegations that she exhausted her administrative remedies for her first
19 through sixth causes of actions with the Department of Fair Employment and
20 Housing, and on that basis, denies each and every remaining allegation in this
21 paragraph.

22 **DEMAND FOR JURY TRIAL**

23     This Paragraph of the Complaint contains Plaintiff's request for a jury trial,
24 to which no response is required. To the extent a response is deemed required,
25 Defendant admits that Plaintiff requests a jury trial. Except as admitted, Defendant
26 lacks sufficient knowledge or information to form a belief as to the truthfulness of
27 the allegations contained in this paragraph, and on that basis denies each and every
28 / / /

38

FPDOCS 35360692.1

allegation, except to refer to the language of the referenced statute, which speaks for itself.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint constitutes Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein as it relates to Defendant and specifically denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without waiving any of the foregoing, Defendant asserts the following separate and independent affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's complaint, and each and every cause of action therein, is barred by reason of Defendant's governmental immunity, pursuant to California Government Code sections 815.2, 820.2, and 821.6.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's complaint, and each and every cause of action therein, is barred by the applicable statute of limitations and case law, including, but not limited to, Code of Civil Procedure sections 335.1 and 340, subdivision (a); California Government Code sections 12960 and 12965; and *Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1135-36 (9th Cir. 2006).

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff is estopped by her conduct from recovering any relief sought in the complaint, or in any purported cause of action alleged therein.

/ / /

/ / /

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:18-CV-02877-AJB-MSB

FPDOCS 35360692.1

**FIFTH AFFIRMATIVE DEFENSE**

5.     By her conduct, Plaintiff has waived any right to recover any relief sought in the complaint, or in any purported cause of action alleged therein.

**SIXTH AFFIRMATIVE DEFENSE**

6.     Plaintiff's claims are barred by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     If it is found that Plaintiff had a contractual right not to be terminated except for good cause and that Plaintiff was terminated from employment, Plaintiff was terminated with good cause.

**NINTH AFFIRMATIVE DEFENSE**

9.     Plaintiff's claims are barred on the ground that as to each and every contract, covenant or warranty alleged therein, Plaintiff committed a prior breach thereof, excusing any duty of further performance by Defendant.

**TENTH AFFIRMATIVE DEFENSE**

10.     Plaintiff's Labor Code section 1102.5 claim is barred by Plaintiff's failure to exhaust internal grievance procedures. See *Terris v. County of Santa Barbara* (2018) 20 Cal.App.5th 551, 558, review denied (May 23, 2018).

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendant of which Plaintiff complains.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     The alleged acts of which Plaintiff complains were based on reasonable factors other than race, sex, disability, or any other prohibited factor, including Plaintiff's alleged opposition to race and sex discrimination.

40

FPDOCS 35360692.1

1

### THIRTEENTH AFFIRMATIVE DEFENSE

2

13.    Even if there was discrimination against Plaintiff (which Defendant

3

denies), Plaintiff would have been terminated anyway.

4

### FOURTEENTH AFFIRMATIVE DEFENSE

5

14.    Plaintiff    failed    to    cooperate    in    the    process    of    reasonable

6

accommodation.

7

### FIFTEENTH AFFIRMATIVE DEFENSE

8

15.    Plaintiff failed to cooperate in the interactive process.

9

### SIXTEENTH AFFIRMATIVE DEFENSE

10

16.    Plaintiff's claims are barred because the actions complained of were

11

protected by the free speech provisions of the First Amendment to the United States

12

Constitution.

13

### SEVENTEENTH AFFIRMATIVE DEFENSE

14

17.    Any recovery on Plaintiff's complaint, or any purported cause of

15

action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate

16

her damages.

17

### EIGHTEENTH AFFIRMATIVE DEFENSE

18

18.    Any recovery on Plaintiff's complaint or any purported cause of action

19

alleged therein, is barred in whole or in part by after-acquired evidence which

20

independently justified Plaintiff's termination.

21

### NINETEENTH AFFIRMATIVE DEFENSE

22

19.    Plaintiff is not entitled to recover punitive or exemplary damages from

23

Defendant on the grounds that any award of punitive or exemplary damages would

24

violate Defendant's constitutional rights under the Due Process Clauses of the Fifth

25

and Fourteenth Amendments of the United States Constitution.

26

**WHEREFORE**, this answering Defendant prays as follows:

27

20.    That Plaintiff take nothing by her complaint for damages;

28

/ / /

41

FPDOCS 35360692.1

21.     That Plaintiff's complaint herein be dismissed in its entirety with prejudice;

22.     That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and

23.     That the Court award such other and further relief as it deems appropriate.

Dated:  May 10, 2019

Respectfully submitted,

**FISHER & PHILLIPS LLP**

By:  _/s/ Kevonna J. Ahmad_
Regina A. Petty
Adam F. Sloustcher
Kevonna J. Ahmad
Attorneys for Defendant
Palomar Community College District

42

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:18-CV-02877-AJB-MSB

FPDOCS 35360692.1

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California, 92121.

On May 10, 2019 I served the foregoing document entitled **DEFENDANT PALOMAR COMMUNITY COLLEGE DISTRICT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Evan Dwin, Esq.  
DWIN LEGAL, APC  
2121 Palomar Airport Road, Suite 170  
Carlsbad, CA 92011  

Telephone: (760) 536-6471  
Facsimile: (760) 585-4649  
E-Mail: EDwin@DwinLegal.com  
Attorneys for Plaintiff  
Kathryn Kailikole  

☐ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by OVERNIGHT SERVICE]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by the overnight service for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed May 10, 2019 at San Diego, California.

Angela D. Mastin _____   By: _____

1

FPDOCS 35360692.1