1  Regina A. Petty (SBN 106163)
       E-Mail: rpetty@fisherphillips.com
2  Adam F. Sloustcher (SBN 291657)
       E-Mail: asloustcher@fisherphillips.com
3  Kevonna J. Ahmad (SBN 324312)
       E-Mail: kahmad@fisherphillips.com
4  **FISHER & PHILLIPS LLP**
5  4747 Executive Drive, Suite 1000
   San Diego, California  92121
6  Telephone:  (858)597-9600
   Facsimile:   (858)597-9601
7
8  Attorneys for Defendant
   Palomar Community College District
9
10 Evan Dwin (SBN 241027)
   DWIN LEGAL, APC
11 2121 Palomar Airport Road, Suite 170
   Carlsbad, California 92011
12 Telephone: (760) 536-6471
   Facsimile:  (760) 585-4649
13 E-Mail: EDwin@DwinLegal.com
14 Attorneys for Plaintiff
   Kathryn Kailikole
15
16            **UNITED STATES DISTRICT COURT**
17          **SOUTHERN DISTRICT OF CALIFORNIA**
18 KATHRYN KAILIKOLE, an          Case No:  3:18-cv-02877-AJB-MSB
   individual,
19                                 *[Previously San Diego Superior Court*
20           Plaintiff,            *Case No. 37-2018-00058754-CU-WT-NC*
                                   *before the Honorable Ronald F. Frazier]*
21      v.
                                   **JOINT DISCOVERY PLAN**
22 PALOMAR COMMUNITY               **PURSUANT TO COURT'S ORDER**
   COLLEGE DISTRICT, a             **RE CASE MANAGEMENT**
23 governmental entity; and DOES 1 **CONFERENCE**
   through 25, inclusive,
24                                 **[FRCP RULE 26(f)]**
25           Defendants.
                                   State Complaint:  November 20, 2018
26                                 Removed: December 26, 2018
27
28

                                            JOINT DISCOVERY PLAN
                                   CASE NO.: 3:18-CV-02877-AJB-MSB

FPDOCS 35586559.1

1
2
3
4

In accordance with Federal Rule of Civil Procedure 26(f), and the Court's Order, Plaintiff Kathryn Kailikole ("Kailikole" or "Plaintiff") and Defendant Palomar Community College District, hereby file this Joint Rule 26(f) Discovery Plan.

5

## I.   ITEMS IDENTIFIED IN FED. R. CIV. P. 26(F)(3)

6

### A.   INITIAL DISCLOSURES

7
8
9

The Parties will serve initial disclosures on June 20, 2019, pursuant to the Court' Order. The Parties do not believe any changes should be made regarding the timing, form, or requirements for disclosures under Rule 26(a).

10

### B.   DISCOVERY

11
12
13
14

No discovery has occurred yet in this matter. The Parties agree that there is no need for discovery to be conducted in phases nor should discovery be limited to certain discoverable issues except that expert disclosures and discovery should be governed by Rule 26(a)(2).

15

### 1. Plaintiff's Discovery:

16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff expects that discovery will be necessary regarding all of the claims, allegations, facts and damages alleged in the First Amended Complaint and all defenses alleged by Defendant, including but not limited, the discovery of all documents, communications, and facts related to Plaintiff's job performance, all investigations conducted by the District related to Plaintiff, Professor Nakajima, Professor Gerwig and Dr. Finkenthal, the decisions to place Plaintiff on paid leave, non-renew her contract and terminate her, Defendant's policies regarding discrimination, harassment, retaliation and reasonable accommodations for disabled employees and Defendant's knowledge of Plaintiff's medical conditions as well as any facts known by any and all current and former employees, officers and/or board members of Defendant, as well as any other witnesses with information relevant to any of the above subjects or in any way reasonably calculated to lead to admissible evidence on any issue in controversy.  Plaintiff

1

FPDOCS 35586559.1

1  intends to seek this information through all available means, including but not

2  limited to, requests for admission, requests for production of documents and things,

3  interrogatories, third party subpoenas, and depositions of party and third party

4  witnesses.  Plaintiff reserves the right to supplement this list of subjects on which

5  discovery may be needed. If the Parties do not reach a resolution at the Early

6  Neutral Evaluation Conference, Plaintiff will oppose any request by Defendant to

7  stay discovery until the anti-SLAPP motion is heard.

8  **2.    Defendant's Discovery:**

9  If the Parties do not reach a resolution at the Early Neutral Evaluation

10  Conference, Defendant will request that the current stay on Discovery be continued

11  until its anti-SLAPP motion is decided. Defendant expects that discovery may be

12  needed regarding all matters in controversy, including but not limited to, facts and

13  circumstances giving rise to the allegations in the Complaint, verbal and written

14  complaints Plaintiff made to District supervisors, Plaintiff's medical conditions,

15  Plaintiff's communications with Dr. Finkenthal and other District employees

16  regarding Professors Nakajima and Gerwig, Plaintiff's communications with

17  Professors Nakajima and Gerwig, facts and circumstances supporting Defendant's

18  defenses to and denial of Plaintiff's claims, and Plaintiff's alleged damages and

19  efforts to mitigate damages. Defendant reserves the right to supplement this list of

20  subjects on which discovery may be needed.

21  **C.    <u>PRESERVATION OF EVIDENCE AND FORM OF</u>**

22  **<u>PRODUCTION</u>**

23  The Parties have discussed preservation of records and evidence pertaining

24  to the issues in this case and there are no issues of disagreement at this time.

25  Defendant intends to seek electronic production of e-mails and related documents

26  that Plaintiff may have forwarded from her work e-mail to her personal e-mail.

27  Plaintiff will conduct a diligent search and reasonable inquiry into whether these e-

28  mails exist and does not anticipate any problems in complying if such e-mails do

2

FPDOCS 35586559.1

exist.  The Parties agree that all ESI will be produced in native format to the extent practicable. The Parties do not anticipate any issues related to metadata. As part of the discovery process in this case, the Parties anticipate further meeting and conferring on electronic discovery issues as they arise, which may include:

- The nature of Defendant's ESI storage systems, including the computer software and hardware system configuration, location, number, and type of storage devices, the operating and application software, and the backup, retention, storage, and archival procedures regarding ESI that is relevant to the case;

- The efforts at preservation of ESI relevant to the case;

- Search terms, search protocols and methods or procedures for privilege review and protection against inadvertent disclosure of privileged ESI;

- Methods to minimize delay and expense of ESI through de-duplication, sampling or other means; and

- Manner and format of production.

## D.   **CLAIMS OF PRIVILEGE**

At this point, it is premature for the Parties to determine all unusual issues relating to privilege or of protection of trial-preparation material will arise in this case. To the extent the Parties were able to identify issues during the meet and confer process, Defendant may redact the names of students not involved in the litigation, where they appear in investigative reports. Plaintiff does not oppose such redactions so long as all documents may be otherwise submitted in their entirety and that Defendant does not contend that the redactions affect whether the documents are admissible or inadmissible in evidence and that admissibility should be considered to the same extent as if the redactions had not been made.

/ / /

/ / /

3

FPDOCS 35586559.1

1

*1.      E-mail communications between Dr. Norman and Mr. Love*

2

Plaintiff will request discovery of e-mail communications made between

3 Lisa Norman and Jeffrey Love.  Plaintiff disputes that any such communications

4 are in any way privileged and will move to compel the production of all such

5 communications if they are withheld because, among other reasons, Mr. Love was

6 retained by the Defendant to conduct a purportedly independent workplace

7 investigations and not in anticipation of litigation or to provide legal advice, Mr.

8 Love's investigative report was used as a purported basis for terminating Plaintiff's

9 employment and Mr. Love submitted a sworn declaration in support of Defendant's

10 special motion to strike, in which he attached his alleged investigative report and

11 all of his alleged findings, including the documents he purports to have relied on,

12 and also testified regarding the contents of his report.  Thus, Plaintiff contends that

13 at no time was Mr. Love ever acting as an attorney for Defendant and further

14 contends that, even if any of Mr. Love's communications could arguably be

15 privileged (which they are not), any such privilege was waived under Evidence

16 Code section 502 and other applicable law when Defendant disclosed Love's report

17 as a purported basis for terminating Plaintiff then submitted Mr. Love's report and

18 his testimony in support of Defendant's special motion to strike.

19

Defendant contends that Mr. Love was outside counsel and reserves the right

20 to object to the discovery of all such e-mail communications on attorney-client

21 privilege grounds. Defendant further contends that Mr. Love was retained as the

22 District's outside attorney to investigate Ms. Kailikole's claims and to make a

23 determination regarding 1) whether professors Nakajima and Gerwig posted or

24 allowed objectionable postings to be displayed in classrooms and 2) whether

25 Plaintiff and Dr. Finkenthal leaked confidential District information. Defendant

26 acknowledges that it relies on Mr. Love's investigation reports, and therefore does

27 not assert the privilege as to those reports. However, Defendant contends that does

28 not mean attorney-client communications between Mr. Love and Dr. Norman are

4

FPDOCS 35586559.1

1  now automatically discoverable. Defendant contends that it is well settled that

2  courts should not issue blanket nullifications of the privilege, but should make

3  findings on a document-by-document basis. *Wellpoint Health Networks v.*

4  *Superiour Court (1997)* 59 Cal.App.4th 110, 122. The parties have not yet

5  conducted discovery in this matter. Accordingly, at this time Defendant simply

6  reserves its right to assert the privilege as to communications between Mr. Love

7  and Dr. Norman, and will evaluate whether the privilege applies when it is

8  appropriate.  Plaintiff reserves her right to dispute that any privilege applies and to

9  seek to compel production of communications between Mr. Love and Dr. Norman.

10        The Parties agree that the procedure used when claims of privilege arise will

11  not vary from the procedures set forth in the Federal Rules of Civil Procedure.

12        **E.    CHANGES TO DISCOVERY RULES**

13        The Parties do not anticipate any changes to the discovery rules.

14        **F.    OTHER ORDERS**

15        The Parties do not propose that the Court issue any other orders under Rules

16  26 or 16(b) and (c) of the Federal Rules of Civil Procedure at this time. Also, at

17  this time, the Parties do not anticipate a protective order to be sought.

18  **II.    OTHER ITEMS IDENTIFIED IN COURT'S ORDER**

19        **A.    SERVICE**

20        Plaintiff asserts that she may want to serve additional parties in this matter.

21  The Parties agree that the deadline to serve additional parties shall be January 20,

22  2020 except by order of the Court.

23        **B.    AMENDMENT OF PLEADINGS**

24        The Parties agree that the deadline for amendment of the pleadings by

25  Plaintiff shall be January 20, 2020 and the deadline for amendment of the pleadings

26  by Defendant shall be January 20, 2020. The parties each reserve their respective

27  rights to oppose any motion for leave to amend the pleadings.

28  / / /

5

FPDOCS 35586559.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## C.    RELATED CASES

The Parties are not aware of any related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

Dated: June 20, 2019                    **DWIN LEGAL, APC**


By:  */s/  Evan Dwin*
       Evan Dwin
       Attorneys for Plaintiff
       Kathryn Kailikole

Dated:  June 20, 2019                    **FISHER & PHILLIPS LLP**

By:  */s/  Kevonna J. Ahmad*
       Regina A. Petty
       Adam F. Sloustcher
       Kevonna J. Ahmad
       Attorneys for Defendant
       Palomar Community College District

6

FPDOCS 35586559.1

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California, 92121.

On June 20, 2019 I served the foregoing document entitled **JOINT DISCOVERY PLAN PURSUANT TO COURT'S ORDER RE CASE MANAGEMENT CONFERENCE** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Evan Dwin (SBN 241027) | Telephone: (760) 536-6471 |
| DWIN LEGAL, APC | Facsimile:  (760) 585-4649 |
| 2121 Palomar Airport Road, Suite 170 | E-Mail: EDwin@DwinLegal.com |
| Carlsbad, California 92011 | Attorneys for Plaintiff |
| | Kathryn Kailikole |

☐ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by OVERNIGHT SERVICE]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by the overnight service for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed June 20, 2019 at San Diego, California.

Angela D. Mastin _____     By: _____

CERTIFICATE OF SERVICE

FPDOCS 35586559.1