**DWIN LEGAL, APC**
Evan Dwin (SBN 241027)
2121 Palomar Airport Road, Suite 170
Carlsbad, CA 92011
Tel: (760) 536-6471
Fax: (760) 585-4649
Email: edwin@dwinlegal.com

Attorneys for Plaintiff
KATHRYN KAILIKOLE

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN KAILIKOLE, an individual,<br><br>            Plaintiff,<br><br>v.<br><br>PALOMAR COMMUNITY COLLEGE DISTRICT, a governmental entity; and DOES 1 through 25, inclusive,<br><br>            Defendants. | Case No: 3:18-cv-02877-AJB-MSB<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF NEW AUTHORITY SUBMITTED AFTER SPECIAL MOTION TO STRIKE WAS TAKEN UNDER SUBMISSION BY THE COURT**<br><br>Hearing Date: July 18, 2019<br>Hearing Time: 2:00 p.m.<br>Courtroom: 4A |

## RESPONSE TO DEFENDANT'S "NOTICE OF NEW AUTHORITY"

In a belated effort to support its meritless anti-SLAPP motion, Defendant Palomar Community College District (the "District") improperly submits further briefing without leave of the Court. Moreover, the new authority submitted by the

1
RESPONSE TO NOTICE OF NEW AUTHORITY
CASE NO. 18CV2877 AJB MSB

District, *Wilson v. Cable News Network*, 2019 WL 3281342 (Cal., July 22, 2018, No. S239686), concerns the narrow issue of whether an employment decision by a news organization that affects the content of its broadcasts implicates the news organization's exercise of its free speech rights. *Wilson* has nothing to do with employment decisions by government entities like the District, and it certainly does not support the District's frivolous position that any employment decision reached by a vote of its Governing Board constitutes "protected activity," even though such decisions are not exercises of free speech or petitioning rights as required by the anti-SLAPP statute.

In *Wilson*, the plaintiff was a writer and producer for CNN. 2019 WL 3281342 at **1. Among other things, the plaintiff alleged that CNN terminated him because of his race and other protected rights, as well as in retaliation for complaining about discrimination. *Id.* ** 2. In analyzing CNN's anti-SLAPP motion, the court rejected CNN's argument that its decisions to hire or fire writers or other content producers categorically qualify as conduct in furtherance of its free speech rights because some employee's roles, like the plaintiff's, do "not bear a sufficient relationship to a news organizations exercise of editorial control to warrant protection under the anti-SLAPP statute." *Id.* at **9, 10. However, because CNN provided evidence that it terminated plaintiff due to alleged plagiarism, the termination related to CNN's editorial control of what it broadcasts which does implicate its right to free speech. *Id.* at ** 11. In reaching this decision, which applies only to employment decisions by news organizations, the Court cautioned that it would be "relatively unusual" for a defendant in a discrimination or retaliation case to "meet its first-step burden of showing that its challenged actions qualify as protected activity . . . ." *Id.* at **7.

*Wilson* is consistent with the requirement of the anti-SLAPP statute that a Plaintiff's claims arise out of protected activity only where the "defendant's act

2

RESPONSE TO NOTICE OF NEW AUTHORITY
CASE NO. 18CV2877 AJB MSB

underlying the plaintiff's cause of action is an act <u>in furtherance of a person's right of petition or free speech</u>." *Park v. Bd. of Trustees of the California State University*, 2 Cal. 5th 1057, 1062 (2017) (*quoting City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002); Cal. Code Civ. Proc. § 425.16(a) (emphasis added). Here, however, unlike in *Wilson*, the District fails to identify any adverse employment action alleged by Plaintiff that even arguably constitutes speech or petitioning activity by the District. Instead, the District simply claims that any decision reached by an elected body after a vote constitutes "protected activity." The District offers no authority for this position, which contravenes both the clear requirement of speech or petitioning activity and applicable case law holding that "[a]cts of governance mandated by law, without more, are not exercises of free speech or petition." *San Ramon Valley Fire Protection District v. Contra Costa County Employee Retirement Association*, 125 Cal. App. 4th 343, 354 (2004). Thus, there never was, and still is not, any authority or non-frivolous argument for the District's position that by voting on employment decisions, it is entitled to wield the anti-SLAPP statute as weapon against any employee who dares to assert their civil rights.

The District's latest attempt to submit inapplicable authority further demonstrates that the motion is frivolous and was filed to harass and delay, thereby triggering a mandatory award of attorneys' fees to Plaintiff under Code of Civil Procedure Section 425.16(c).

Dated: July 25, 2019

Respectfully submitted,

**DWIN LEGAL, APC**

By: /s/ Evan Dwin
Evan Dwin
Attorneys for Plaintiff
KATHRYN KAILIKOLE

3

RESPONSE TO NOTICE OF NEW AUTHORITY
CASE NO. 18CV2877 AJB MSB