# Exhibit 1

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN KAILIKOLE, an individual, | Case No:  3:18-cv-02877-AJB-MSB |
| Plaintiff, | *[Previously San Diego Superior Court Case No. 37-2018-00058754-CU-WT-NC before the Honorable Ronald F. Frazier]* |
| v. | **JOINT STIPULATION FOR PROTECTIVE ORDER** |
| PALOMAR COMMUNITY COLLEGE DISTRICT, a governmental entity; and DOES 1 through 25, inclusive, | State Complaint:  November 20, 2018 |
| Defendants. | |

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Kathryn Kailikole and Defendant Palomar Community College District (collectively, the "Parties") hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket

1

Exhibit 1 - page 4

FPDOCS 35845143.1

JOINT STIPULATION FOR PROTECTIVE ORDER
CASE NO. 3:18-CV-02877-AJB-MSB

1  protections on all disclosures or responses to discovery and that the protection it

2  affords from public disclosure and use extends only to the limited information or

3  items that are entitled to confidential treatment under the applicable legal principles.

4  The Parties further acknowledge, as set forth in Section 12.3, below, that this

5  Stipulated Protective Order does not entitle them to file confidential information

6  under seal and that proper procedures that must be followed and the appropriate

7  legal standards that will be applied when a party seeks permission from the court to

8  file material under seal.

9      **2.    DEFINITIONS**

10      2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the

11  designation of information or items under this Order.

12      2.2    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of

13  how it is generated, stored or maintained) or tangible things that qualify for

14  protection under Federal Rule of Civil Procedure 26(c).

15      2.3    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House

16  Counsel (as well as their support staff).

17      2.4    <u>Designating Party</u>:  a Party or Non-Party that designates information

18  or items that it produces in disclosures or in responses to discovery as

19  "CONFIDENTIAL."

20      2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless

21  of the medium or manner in which it is generated, stored, or maintained (including,

22  among other things, testimony, transcripts, and tangible things), that are produced

23  or generated in disclosures or responses to discovery in this matter.

24      2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter

25  pertinent to the litigation who has been retained by a Party or its counsel to serve as

26  an expert witness or as a consultant in this action.

27      2.7    <u>House Counsel</u>:  attorneys who are employees of a party to this action.

28  House Counsel does not include Outside Counsel of Record or any other outside

2

Exhibit 1 - page 5

JOINT STIPULATION FOR PROTECTIVE ORDER
CASE NO. 3:18-CV-02877-AJB-MSB

FPDOCS 35845143.1

1    counsel.

2        2.8    Non-Party:  any natural person, partnership, corporation, association,

3    or other legal entity not named as a Party to this action.

4        2.9    Outside Counsel of Record:  attorneys who are not employees of a

5    party to this action but are retained to represent or advise a party to this action and

6    have appeared in this action on behalf of that party or are affiliated with a law firm

7    which has appeared on behalf of that party.

8        2.10   Party:  any party to this action, including all of its officers, directors,

9    employees, consultants, retained experts, and Outside Counsel of Record (and their

10   support staffs).

11       2.11   Producing Party:  a Party or Non-Party that produces Disclosure or

12   Discovery Material in this action.

13       2.12   Professional Vendors:  persons or entities that provide litigation

14   support services (e.g., photocopying, videotaping, translating, preparing exhibits or

15   demonstrations, and organizing, storing, or retrieving data in any form or medium)

16   and their employees and subcontractors.

17       2.13   Protected Material:  any Disclosure or Discovery Material that is

18   designated as "CONFIDENTIAL."

19       2.14   Receiving Party:  a Party that receives Disclosure or Discovery

20   Material from a Producing Party.

21   **3.    SCOPE**

22       The protections conferred by this Stipulation and Order cover not only

23   Protected Material (as defined above), but also (1) any information copied or

24   extracted from Protected Material; (2) all copies, excerpts, summaries, or

25   compilations of Protected Material; and (3) any testimony, conversations, or

26   presentations by Parties or their Counsel that might reveal Protected Material.

27   However, the protections conferred by this Stipulation and Order do not cover the

28   following information: (a) any information that is in the public domain at the time

3

of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

4

1  purpose (e.g., to unnecessarily encumber or retard the case development process or

2  to impose unnecessary expenses and burdens on other Parties) expose the

3  Designating Party to sanctions.  If it comes to a Designating Party's attention that

4  information or items that it designated for protection do not qualify for protection,

5  that Designating Party must promptly notify all other Parties that it is withdrawing

6  the mistaken designation.

7     5.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

8  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

9  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

10  under this Order must be clearly so designated before the material is disclosed or

11  produced.

12     Designation in conformity with this Order requires:

13     (a) for information in documentary form (e.g., paper or electronic

14  documents, but excluding transcripts of depositions or other pretrial or trial

15  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each

16  page that contains protected material. If only a portion or portions of the material

17  on a page qualifies for protection, the Producing Party also must clearly identify the

18  protected portion(s) (e.g., by making appropriate markings in the margins).

19     A Party or Non-Party that makes original documents or materials available

20  for inspection need not designate them for protection until after the inspecting Party

21  has indicated which material it would like copied and produced. During the

22  inspection and before the designation, all of the material made available for

23  inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

24  identified the documents it wants copied and produced, the Producing Party must

25  determine which documents, or portions thereof, qualify for protection under this

26  Order. Then, before producing the specified documents, the Producing Party must

27  affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

28  If only a portion or portions of the material on a page qualifies for protection, the

5

Exhibit 1 - page 8

FPDOCS 35845143.1

JOINT STIPULATION FOR PROTECTIVE ORDER
CASE NO. 3:18-CV-02877-AJB-MSB

1  Producing Party also must clearly identify the protected portion(s) (e.g., by making

2  appropriate markings in the margins).

3      (b)  for testimony given in deposition or in other pretrial or trial proceedings,

4  that the Designating Party identify on the record, before the close of the deposition,

5  hearing, or other proceeding, all protected testimony.

6      (c)  for information produced in some form other than documentary and for

7  any other tangible items, that the Producing Party affix in a prominent place on the

8  exterior of the container or containers in which the information or item is stored the

9  legend "CONFIDENTIAL." If only a portion or portions of the information or item

10  warrant protection, the Producing Party, to the extent practicable, shall identify the

11  protected portion(s).

12      5.3  <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

13  failure to designate qualified information or items does not, standing alone, waive

14  the Designating Party's right to secure protection under this Order for such material.

15  Upon timely correction of a designation, the Receiving Party must make reasonable

16  efforts to assure that the material is treated in accordance with the provisions of this

17  Order.

18      **6.**    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

19      6.1  <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a

20  designation of confidentiality at any time. Unless a prompt challenge to a

21  Designating Party's confidentiality designation is necessary to avoid foreseeable,

22  substantial unfairness, unnecessary economic burdens, or a significant disruption or

23  delay of the litigation, a Party does not waive its right to challenge a confidentiality

24  designation by electing not to mount a challenge promptly after the original

25  designation is disclosed.

26      6.2  <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute

27  resolution process by providing written notice of each designation it is challenging

28  and describing the basis for each challenge. To avoid ambiguity as to whether a

6

challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

7

1    The burden of persuasion in any such challenge proceeding shall be on the

2  Designating Party. Frivolous challenges, and those made for an improper purpose

3  (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may

4  expose the Challenging Party to sanctions. Unless the Designating Party has waived

5  the confidentiality designation by failing to file a motion to retain confidentiality as

6  described above, all Parties shall continue to afford the material in question the level

7  of protection to which it is entitled under the Producing Party's designation until

8  the court rules on the challenge.

9  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

10    7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

11  disclosed or produced by another Party or by a Non-Party in connection with this

12  case only for prosecuting, defending, or attempting to settle this litigation. Such

13  Protected Material may be disclosed only to the categories of persons and under the

14  conditions described in this Order. When the litigation has been terminated, a

15  Receiving Party must comply with the provisions of section 13 below (FINAL

16  DISPOSITION).

17    Protected Material must be stored and maintained by a Receiving Party at a

18  location and in a secure manner that ensures that access is limited to the persons

19  authorized under this Order.

20    7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

21  otherwise ordered by the court or permitted in writing by the Designating Party, a

22  Receiving   Party   may   disclose   any   information   or   item   designated

23  "CONFIDENTIAL" only to:

24    (a)  the Receiving Party's Outside Counsel of Record in this action, as well

25  as employees of said Outside Counsel of Record to whom it is reasonably necessary

26  to   disclose   the   information   for   this   litigation   and   who   have   signed   the

27  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

28  A;

Exhibit 1 - page 11

FPDOCS 35845143.1

1    (b) the officers, directors, and employees (including House Counsel) of the

2    Receiving Party to whom disclosure is reasonably necessary for this litigation and

3    who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4    (c)  Experts (as defined in this Order) of the Receiving Party to whom

5    disclosure is reasonably necessary for this litigation and who have signed the

6    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7    (d) the court and its personnel;

8    (e) court reporters and their staff, professional jury or trial consultants, mock

9    jurors, and Professional Vendors to whom disclosure is reasonably necessary for

10   this litigation and who have signed the "Acknowledgment and Agreement to Be

11   Bound" (Exhibit A);

12   (f) during their depositions, witnesses in the action to whom disclosure is

13   reasonably necessary and who have signed the "Acknowledgment and Agreement

14   to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or

15   ordered by the court. Pages of transcribed deposition testimony or exhibits to

16   depositions that reveal Protected Material must be separately bound by the court

17   reporter and may not be disclosed to anyone except as permitted under this

18   Stipulated Protective Order.

19   (g) the author or recipient of a document containing the information or a

20   custodian or other person who otherwise possessed or knew the information.

21   **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

22   **PRODUCED IN OTHER LITIGATION**

23   If a Party is served with a subpoena or a court order issued in other litigation

24   that compels disclosure of any information or items designated in this action as

25   "CONFIDENTIAL," that Party must:

26   (a) promptly notify in writing the Designating Party. Such notification shall

27   include a copy of the subpoena or court order;

28   (b) promptly notify in writing the party who caused the subpoena or order to

9

Exhibit 1 - page 12

FPDOCS 35845143.1

JOINT STIPULATION FOR PROTECTIVE ORDER
CASE NO. 3:18-CV-02877-AJB-MSB

issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated

10

1    Protective Order in this litigation, the relevant discovery request(s), and a

2    reasonably specific description of the information requested; and

3        (3)   make the information requested available for inspection by the

4    Non-Party.

5    (c)  If the Non-Party fails to object or seek a protective order from this court

6    within 14 days of receiving the notice and accompanying information, the

7    Receiving Party may produce the Non-Party's confidential information responsive

8    to the discovery request. If the Non-Party timely seeks a protective order, the

9    Receiving Party shall not produce any information in its possession or control that

10   is subject to the confidentiality agreement with the Non-Party before a

11   determination by the court.  Absent a court order to the contrary, the Non-Party

12   shall bear the burden and expense of seeking protection in this court of its Protected

13   Material.

14   **10.   UNAUTHORIZED      DISCLOSURE      OF      PROTECTED**

15   **MATERIAL**

16   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

17   Protected Material to any person or in any circumstance not authorized under this

18   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

19   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

20   to retrieve all unauthorized copies of the Protected Material, (c) inform the person

21   or persons to whom unauthorized disclosures were made of all the terms of this

22   Order, and (d) request such person or persons to execute the "Acknowledgment and

23   Agreement to Be Bound" that is attached hereto as Exhibit A.

24   **11.   INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR**

25   **OTHERWISE PROTECTED    MATERIAL**

26   When a Producing Party gives notice to Receiving Parties that certain

27   inadvertently produced material is subject to a claim of privilege or other protection,

28   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

11

Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.    MISCELLANEOUS**

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Where any Protected Materials, or Information derived from Protected Materials, is included in any motion or other proceeding, such papers shall be accompanied by an application to file the papers, or confidential portion thereof, under seal.  No document may be filed under seal, except pursuant to a court order that authorizes the sealing of the particular document, or portion of the document. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2.  In addition, a party must file a redacted

12

1   version of any document that it seeks to file under seal. The document must be titled

2   to show that it corresponds to an item filed under seal, e.g., 'Redacted Copy of

3   Sealed Declaration of John Smith in Support of Motion for Summary Judgment.'

4   The party should file the redacted document(s) simultaneously with a joint motion

5   or ex parte application requesting that the confidential portions of the document(s)

6   be filed under seal and setting forth good cause for the request.  If the filing party

7   is the Designating Party, the motion to file documents under seal must set forth

8   good cause for the request.  If a Receiving Party is filing the motion, within 4 days

9   of the Receiving Party requesting that it be sealed, the Designating Party shall file

10  a declaration setting forth good cause to seal the designated material.  If the

11  Designating Party fails to file a declaration, the motion to seal will be denied.  If a

12  Receiving Party's request to file Protected Materials under seal is denied by the

13  court, then the Protected Materials will be filed in the public record.

14  ## 13.    FINAL DISPOSITION

15          Within 60 days after the final disposition of this action, as defined in

16  paragraph 4, each Receiving Party must return all Protected Material to the

17  Producing Party or destroy such material.  As used in this subdivision, "all Protected

18  Material" includes all copies, abstracts, compilations, summaries, and any other

19  format reproducing or capturing any of the Protected Material. Whether the

20  Protected Material is returned or destroyed, the Receiving Party must submit a

21  written certification to the Producing Party (and, if not the same person or entity, to

22  the Designating Party) by the 60 day deadline that (1) identifies (by category, where

23  appropriate) all the Protected Material that was returned or destroyed and (2)

24  affirms that the Receiving Party has not retained any copies, abstracts, compilations,

25  summaries or any other format reproducing or capturing any of the Protected

26  Material. Notwithstanding this provision, Counsel are entitled to retain an archival

27  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

28  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

13

1    work product, and consultant and expert work product, even if such materials

2    contain Protected Material.

3         Any such archival copies that contain or constitute Protected Material remain

4    subject to this Protective Order as set forth in Section 4 (DURATION).

5         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

6    Dated:  July 31, 2019                    Respectfully submitted,

7
                                             **FISHER & PHILLIPS LLP**
8
                                    By:   */s/  Kevonna J. Ahmad*
9                                         Regina A. Petty
                                          Adam F. Sloustcher
10                                        Kevonna J. Ahmad
                                          Attorneys for Defendant
11                                        Palomar Community College District

12

13   Dated:  July 31, 2019                    **DWIN LEGAL, APC**

14

15                                  By:    */s/  Evan Dwin*
                                          Evan Dwin
16                                        Attorneys for Plaintiff
                                          Kathryn Kailikole

17

18

19

20

21

22

23

24

25

26

27

28

14

Exhibit 1 - page 17

FPDOCS 35845143.1

JOINT STIPULATION FOR PROTECTIVE ORDER
CASE NO. 3:18-CV-02877-AJB-MSB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Southern District of

California on _____ in the case of *Kailikole v. Palomar Community*

*College District*, Case No:  3:18-cv-02877-AJB-MSB.

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Northern District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

15

EXHIBIT A

Exhibit 1 - page 18
FPDOCS 35845143.1

1

## ORDER

2       Pursuant to the above stipulation of the parties, and good cause appearing

3  for the requested protective order,

4       **IT IS ORDERED** that the above Joint Stipulation and Protective Order is

5  entered as an Order of this Court, and shall be binding upon the parties, as well as

6  the signatories to Exhibit A.

7

8  DATED: _____        By:_____
                                        Michael S. Berg
9                                       United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
ORDER

Exhibit 1 - page 19
FPDOCS 35845143.1