RANDALL L. WINET (State Bar No. 116384)
DAVID A. VELJOVICH (State Bar No. 190856)
WINET PATRICK GAYER CREIGHTON & HANES
1215 WEST VISTA WAY
VISTA, CALIFORNIA 92083-6227
Telephone: (760) 758-4261
Email: rwinet@wpgch.com
       dveljovich@wpgch.com

Attorneys for Defendant Palomar Community College District

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN KAILIKOLE, an individual;<br><br>　　　Plaintiff,<br><br>　vs.<br><br>PALOMAR COMMUNITY COLLEGE DISTRICT, a government entity; and DOES 1 through 25, inclusive;<br><br>　　　Defendants. | CASE NO. 3:18-cv-02877-AJB-MSB<br>ACTION DATE:<br><br>I/C JUDGE:<br><br>**OPPOSITION TO APPLICATION FOR ATTORNEYS' FEES**<br><br>Date:　February 6, 2020<br>Time:　2:00 p.m.<br>Dept:　4A |

　　　Plaintiff seeks her attorneys' fees in relation to a motion filed by Defendant seeking dismissal of all seven causes of action in the Complaint pursuant to California's anti-SLAPP statute under Code of Civil Procedure § 425.16.  Plaintiff seeks attorneys' fees in the total amount of $16,114.56.  She seeks two-sevenths (2/7) of $33,460, the amount of fees incurred opposing the motion, or $9,569.56.  She also seeks $6,545 for preparing the application for attorney fees.

　　　Plaintiff's motion should be denied for a number of reasons, including that there is no statutory authority for an award of attorneys' fees in relation to the federal causes of action, the application does not fairly allocate the fees between the federal and non-federal claims, and the requested amount is excessive.

///

1

**OPPOSITION TO APPLICATION FOR ATTORNEYS' FEES**

# I.

# THERE IS NO AUTHORITY TO AWARD ATTORNEYS' FEES

Plaintiff alternatively argues that California Code of Civil Procedure § 425.16 does not apply to the federal claims, but she seeks attorneys' fees from the Defendant under subsection (c) of Code of Civil Procedure § 425.16.  It is not fair to allow the statute to be applied both ways.  If California's anti-SLAPP statute does not apply and cannot be used to dismiss the federal claims, its provisions that provide for attorneys' fees also are not applicable.  Pursuant to federal case law, the Court lacks jurisdiction to apply Section 425.16 to federal claims.  Further, merely because the motion could not be utilized to strike the federal claims does not make the entire motion frivolous.  There is no case law permitting application of Section 425.16 in this manner.

### A.     California's Anti-SLAPP Procedure and the Federal Court

There is a split of authority as to whether or not a defendant can utilize a state's anti-SLAPP statute in federal court to challenge a complaint.  Some districts do not allow such a motion at all, while others have different policies.  The Ninth District has applied a hybrid approach.  In this regard, the Ninth District allows the anti-SLAPP section to be applied to state claims, but not to federal claims.  Where a complaint contains both anti-SLAPP (state) and non-anti-SLAPP (federal) causes of action, the SLAPP claims alone may be stricken, and a motion to dismiss may be directed to the non-SLAPP causes of action.  Globetrotter Software, Inc. v. Elan Computer Group. Inc. (N.D.Cal.1999) 63 F.Supp.2d 1127 at 1130 (the anti-SLAPP statute does not apply to federal question claims in federal court because such application would frustrate substantive federal rights.)

At the same time, Ninth District justices have questioned the continued utilization of anti-SLAPP laws in federal court. In Makaeff v. Trump University, LLC (9th Cir. 2013) 715 F.3d 254, the Ninth Circuit overturned a trial court's denial of plaintiff's motion to strike, reversing and remanding the case.  However,

in doing so, a concurring opinion cast doubt as to the future viability of California's anti-SLAPP statute in the Ninth Circuit, concluding that "Newsham is wrong and should be reconsidered." <u>Makaeff</u>, at 272.

Special procedural rules apply where an anti-SLAPP motion is brought in federal court. Where Section 425.16 does not apply, the courts have treated such motions as a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment under Rule 56. "If a defendant makes an anti-SLAPP motion based on the plaintiff's failure to submit evidence to substantiate its claims, the motion is treated as a motion for summary judgment." <u>Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc</u>. (C.D. Cal. 2006) 448 F.Supp.2d 1172 at 1180. Here, the Court's ruling simply stated that California's anti-SLAPP statute, <u>Code of Civil Procedure</u> § 425.16, does not apply to the federal claims.

### B. The Court Lacks Jurisdiction to Enforce the Provisions of Section 425.16 as to the Federal Claims

Plaintiff has cited to no authority other than Section 425.16 for the recovery of her attorneys' fees related to the federal claims. Without a contractual or statutory basis, parties to the litigation generally pay their own attorneys' fees and costs. The so-called "American Rule" is that each party must pay its own attorneys' fees. <u>Alyeska Pipeline Service Co. v. Wilderness Society</u> (1975) 421 U.S. 240. This standard should be applied here. Because federal courts can only entertain anti-SLAPP special motions to strike (such as <u>Code of Civil Procedure</u> § 425.16), in connection with state law claims (<u>Hilton v. Hallmark Cards</u> (9th Cir. 2009) 599 F.3d 894 at 901), it cannot pick and choose which parts of the statute to apply.

Ninth District cases have held that since Section 425.16 does not apply to federal claims, the Court lacks jurisdiction even to hear such a motion, and the Appellate Court "lack[s] jurisdiction to review it." <u>Id.</u> If the Court lacks jurisdiction to hear such a motion in relation to federal claims, and there is no

///

3
**OPPOSITION TO APPLICATION FOR ATTORNEYS' FEES**

appellate jurisdiction, then it also cannot enforce the attorneys' fees provisions under Section 425.16(c) solely with respect to the federal claims.

### C. Plaintiff has Failed to Show the Motion Under Code of Civil Procedure § 425.16 was Frivolous

Even if the Court could entertain a motion for attorney fees under Code of Civil Procedure § 425.16, there has been no showing that the anti-SLAPP motion was improperly brought. Attorney's fees and costs can be assessed against a Section 425.16 movant only if the "special motion to strike is frivolous or is solely intended to cause unnecessary delay." Code of Civil Procedure § 425.16(c). This requires that "any reasonable attorney would agree such motion is totally devoid of merit." Weiland Sliding Doors and Windows, Inc. v. Panda Windows and Doors, LLC (S.D. Cal. 2011) 814 F.Supp.2d 1033 at 1039. While Plaintiff argues that the portion of the motion directed to the federal claims was without merit, if true, this does not transform the motion as a whole into frivolous pursuit.

The Court issued a reasoned, 10 page opinion (Doc. 34) addressing the District's motion. The motion and the Court's ruling involved complex issues of law and applicability of privileges. As a whole, the motion was brought in good faith, and was not frivolous. There is no case law that simply pursuing an anti-SLAPP motion against two federal claims in a complaint, coupled with a challenge to five state claims, makes the motion improper. Likewise, there is no authority that allows a court to ignore the entire motion and apply Section 425.16(c) to only parts of the motion. Because the motion brought by the District was not frivolous or solely intended to cause unnecessary delay, there is no basis for imposing attorney fee sanctions.

///
///
///
///

## II.

## **THE ATTORNEYS' FEES ARE NOT PROPERLY ALLOCATED BETWEEN THE FEDERAL AND NON-FEDERAL CLAIMS**

To the extent the Court is inclined to grant attorneys' fees related to the opposition to the motion with respect to the federal claims, Plaintiff's allocation of two-sevenths (2/7) of the fees does not fairly reflect Plaintiff's opposition efforts. Plaintiff argues that because there are two federal claims, out of a total of seven, this proportion should be applied to the total amount of attorneys' fees spent opposing the motion. However, Plaintiff's opposition with respect to the federal claims is a much smaller fraction than this, and much of the work (review of pleadings, the motion and exhibits to declarations) was necessary to oppose the motion directed to the state claims.

The amount of fees awarded under the anti-SLAPP statute is discretionary. "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved." Kearney v. Foley and Lardner (S.D. Cal. 2008) 553 F.Supp.2d 1178 at 1184–1185 (internal citations omitted.) But, the Court must have "substantial evidence" to support the fee award. Macias v. Hartwell, 55 Cal.App.4th 669 at 676. An attorney fee award should be reduced if claimed hours are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart (1983) 461 U.S. 424 at 434.

Plaintiff acknowledges in her attorneys' fees application that only a small portion of the opposition addressed the federal claims. (Doc. 37, 3:4-17.) Primarily, half of one page argues that Code of Civil Procedure § 425.16 was not applicable to the federal claims. (Doc. 37, 3:4-11.) Plaintiff also argues that a section of the opposition relating to the "manager rule" comprised of approximately three pages, also relates to the federal claims. (Doc. 37, 3:12-17.) As Plaintiff argued that

Section 425.16 did not apply to the federal claims, and the Court agreed, Plaintiff's opposition related to the "manager rule" was either unnecessary, or just a small portion of the overall opposition.

If the half page argument relating to the applicability of Section 425.16 to the federal claims is the only part of the opposition relating to those claims, then the proper proportion should be one-half (1/2) divided by 25 pages or one-fiftieth 1/50). If the manager rule argument is included, then a proper allocation would be three and a half-twenty-fifths (3.5/25).

### III.

### THE FEES SOUGHT ARE EXCESSIVE

Plaintiff's counsel spent over 70 hours opposing the motion, nearly all of which related to the state claims. In addition, Plaintiff's counsel spent almost 12 hours preparing a nine page application for attorneys' fees. (Doc. 37-1, p. 10). On their face, these fees are excessive and unreasonable. The party petitioning for attorneys' fees necessarily bears the burden of persuasion on the elements of that claim. See In re Wash. Pub. Power Supply System Security Lit. (9th Cir.1994), 19 F.3d 1291 at 1305–06. Assuming that attorneys' fees could be awarded under Code of Civil Procedure § 425.16 solely for a portion of the motion related to the federal claims, Plaintiff has not shown the specific time entries for opposing the motion on those issues. Vague, unclear time entries are insufficient to meet the moving party's burden. Kearney v. Foley and Lardner (S.D. Cal. 2008) 553 F.Supp.2d 1178 at 1186.

Reviewing the time records for Mr. Dwin and Mr. Mendez-Pintado, there appear to be excessive billing in a number of areas. (Doc. 37-1, p. 10). For example, Mr. Mendez-Pintado bills the following amounts for the review of the Declaration of Jeff Love: 2.3, 3.3, and 0.8, totaling 6.4 hours to review Mr. Love's declaration, which is only three pages long. Attached to Mr. Love's declaration is his investigative report, which is the subject of Plaintiff's Complaint, and did not

need an additional six hours of review.  Mr. Mendez-Pintado also bills 2.4 and 0.2 hours for review of the Declaration of Jack Kahn.  Mr. Kahn's declaration is four pages, with the exhibits being documents that were provided to Plaintiff's counsel previously.  As such, it appears as though Mr. Mendez-Pintado is duplicating review of exhibits and documents that Mr. Dwin surely had reviewed previously.

In addition, in the Court's ruling denying the Defendant's motion under California Code of Civil Procedure § 425.16, it ordered Plaintiff "to submit an itemization detailing the attorneys' fees incurred in opposing Defendant's motion to dismiss the federal claims . . ."  Instead of submitting an itemization, Plaintiff purportedly spent 11.9 hours preparing the application for attorneys' fees, and seeks an additional $6,545 for these efforts.  As the Court's direction was to simply provide an itemization of fees, the 12 hours spent preparing the application is excessive.   Accordingly, the request for attorneys' fees with respect to the application should be denied.

Even if the Court had jurisdiction to grant attorneys' fees, the proposed allocation by Plaintiff is unreasonable.  Presuming that the half page of argument related to the federal claims, and the three pages of argument related to the "manager rule" are solely related to the federal claims, there would be 3.5 pages out of 25 of the opposition brief related to the anti-SLAPP motion.  It appears as though the bulk of the time entries set forth in Mr. Dwin's declaration relate to the opposition to the state claims, to the extent that can be determined through the billing entries.

Accordingly, a fair allocation would be from 0.5/25 (2%) to 3.5/25 (14%).  Multiplying these percentages would yield a range of $669.20 - $4,684.4, presuming that the Court would not further reduce the time entries due to the excessive review of exhibits and documents that were previously provided to Plaintiff and her counsel.

///

7
**OPPOSITION TO APPLICATION FOR ATTORNEYS' FEES**

## IV.

## **CONCLUSION**

The Court ordered that Plaintiff submit an itemization of her attorneys' fees related to the opposition to the anti-SLAPP motion with respect to the federal claims. Instead, Plaintiff's counsel spent almost 12 hours preparing an application for attorneys' fees. For the reasons set forth above, the request for attorneys' fees is excessive and should be denied. There is no statutory authority to grant attorneys' fees, as the anti-SLAPP statute does not apply to the federal claims. Moreover, the motion was not frivolous as a whole, and there is no authority that only parts of the motion be assessed to determine if attorney fees are due to a plaintiff.

There is no authority to grant attorneys' fees under the anti-SLAPP statute with respect to these claims. Accordingly, the Court should deny the request for attorneys' fees as there is no statutory authority for granting attorneys' fees to the extent that Code of Civil Procedure § 425.16 does not apply to the federal claims, and the motion was brought in good faith. To the extent attorneys' fees are granted solely as to the federal claims, they should be less than $5,000.

Dated: December 5, 2019            WINET PATRICK GAYER
                                   CREIGHTON & HANES


                                   By:  /s/ David A. Veljovich
                                        RANDALL L. WINET
                                        DAVID A. VELJOVICH
                                        Attorneys for Defendant
                                        Palomar Community College District