**DWIN LEGAL, APC**
Evan Dwin (SBN 241027)
2121 Palomar Airport Road, Suite 160
Carlsbad, CA 92011
Tel: (760) 536-6471
Fax:(760) 585-4649

Attorneys for Plaintiff
KATHYRN KAILIKOLE

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN KAILIKOLE, an individual;<br><br>      Plaintiff,<br>vs.<br><br>PALOMAR COMMUNITY COLLEGE DISTRICT, a governmental entity; and DOES 1 through 25, inclusive;<br><br>      Defendants. | Case No. 3:18-cv-02877-AJB-MSB<br><br>**PLAINTIFF KATHRYN KAILIKOLE'S REPLY IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES PURSUANT TO THE COURT'S ORDER DATED AUGUST 22, 2019 DENYING DEFENDANT'S ANTI-SLAPP MOTION** |

## I. INTRODUCTION

This Court already ruled that Plaintiff Kathyrn Kailikole ("Plaintiff") is entitled to recover her attorneys' fees incurred in opposing Defendant Palomar Community College District's ("Defendant") anti-SLAPP motion with respect to Plaintiff's federal claims. In its opposition to Plaintiff's application to establish the <u>amount</u> of the fees properly apportioned to the federal claims, Defendant does not seriously challenge the reasonableness of Plaintiff's requested fees. Instead, and with no basis, Defendant improperly seeks reconsideration of the order awarding Plaintiff her fees.

Defendant begins its opposition by claiming that this Court "lacks jurisdiction" to award fees against Defendant because the anti-SLAPP statute Defendant invoked does not apply to federal claims. However, Defendant's own frivolous attempt to apply the anti-SLAPP motion to Plaintiff's federal claims does not deprive the Court of jurisdiction to enforce the anti-SLAPP statute's fee provisions against Defendant. Further, the law is clear that the anti-SLAPP statute's fee provisions do apply in federal court. *U.S. v. Lockheed Missles & Space Co., Inc.* 190 F.3d 963, 972-73 (9th Cir. 1999). Thus, there is no merit to Defendant's "jurisdictional" argument.

Defendant next incorrectly claims that the Court cannot award Plaintiff any attorneys' fees unless it determines that the entire anti-SLAPP motion was frivolous. Preliminarily, the entire anti-SLAPP motion is frivolous because, in addition to improperly seeking to strike the federal claims, Defendant ignored controlling authority and failed to meet the threshold requirement of demonstrating that <u>any</u> of Plaintiff's claims arise out of any protected activity in furtherance of the right to free speech or to petition – a circumstance under which court's routinely award plaintiffs their attorneys' fees. *Workman v. Colichman*, 33 Cal. App. 5th 1039, 1056 (2019); *Moore v. Shaw*, 116 Cal. App. 4th 182, 199 (2004). Further, relevant authority provides that a defendant who partially prevails on an anti-SLAPP motion is entitled to recover his or her attorneys' fees with reduction to account for the unsuccessful claims. *Mann v. Quality Old Time Service, Inc.*, 139 Cal. App. 4th 328, 335-336

(2006). In light of the express Legislative policy of preventing abusive anti-SLAPP motions, the framework from *Mann* should apply equally to a plaintiff who is forced to oppose an anti-SLAPP motion that is frivolous with respect to some but not all of her claims. Thus, while all of Plaintiff's fees are recoverable, it is also proper for the Court to apportion and award Plaintiff fees only as to claims deemed to be frivolous.

Finally, Plaintiff seeks only two sevenths of the total lodestar amount plus the fees accrued on the fee application. As set forth in the detailed time records submitted by Plaintiff, it was reasonable for two attorneys to spend a combined 74.2 hours opposing Defendant's anti-SLAPP motion, which was a complex 25-page motion that cited 36 different cases and was accompanied by approximately 800 pages of purported evidence. Moreover, the result, a complete denial of the motion, was excellent. Thus, this Court should award Plaintiff all of her requested reasonable attorneys' fees in the total amount of $19,414.56, which is calculated by adding $9,569.56 (*i.e.*, the 2/7 of fees related to the anti-SLAPP opposition) to $6,545 for briefing the fee application plus $3,300 for preparing this reply.

## II.     RELEVANT FACTS AND PROCEDURAL BACKGROUND

Plaintiff filed this action in state court. (Doc. 1-1.) Defendant then removed the action to federal court "on federal question jurisdiction grounds pursuant to 28 U.S.C. 1331, 1367, 1441 and 1446." (Doc. 1 p. 1:3-8.) After removing the case, Defendant filed an anti-SLAPP motion pursuant to California Code of Civil Procedure section 425.16 (the "anti-SLAPP statute"). (Doc. 14.)

Defendant brought the anti-SLAPP motion as to all of Plaintiff's claims, including invoking the anti-SLAPP statute to strike Plaintiff's federal claims for retaliation under Title IX and Title VI. (Doc. 14-1.) In the anti-SLAPP motion, Defendant submitted approximately 800 pages of purported evidence, including the declaration of its investigator, Jeffrey Love, which attached a 216-page investigate report that Defendant relied upon in terminating Plaintiff. (Doc. 14-3, ¶ 4, Ex. A.) The supporting declaration of Plaintiff's supervisor, Dr. Jack Kahn, was 298 pages

1  and included approximately 60 pages of documents Defendant's contend support
2  Plaintiff's termination plus a copy of Love's 216 page report. (Doc. 14-4 ¶ 4, Ex. A.)
3  Notably, Defendant also sought to recover its attorneys' fees pursuant to Code of
4  Civil Procedure section 425.16(c). (Doc. 14-1 p. 24:16-22.)
5     Plaintiff's opposition to the anti-SLAPP was 25 pages long. (Doc. 18.)
6  Plaintiff cited 56 different cases and 14 statutes in her opposition and submitted
7  approximately 115 pages of evidence. *Id.* Plaintiff also requested that she recover
8  her attorneys' fees because the anti-SLAPP motion is frivolous. *Id.* at 25:9-15.
9     On August 22, 2019, the Court denied Defendant's anti-SLAPP motion in its
10 entirety. (Docs. 20, 34.)  In denying the anti-SLAPP motion with respect to
11 Plaintiff's two federal claims, the Court held that "[t]he law is unequivocally clear;
12 California's anti-SLAPP statute does not apply to federal claims." (Doc. 34 p. 3:16-
13 21.) The Court then determined that the anti-SLAPP statute also does not apply the
14 remainder of Plaintiff's claims because Defendant failed to establish how any of its
15 alleged conduct consisted of "*furthering free speech or petitioning rights*." (Doc. 34,
16 p. 9:23-25.) (Emphasis in original.) In other words, the Court found no merit to any
17 of Defendant's arguments that Plaintiff's claims arise out of "protected activity." The
18 Court relied on "instructive" authority, *Nam v. Regents of the Univ. of California*, 1
19 Cal. App. 5th 1176, 1180-92 (2016) and *Park v. Bd. of Trustees of the California
20 State Univ.*, 2 Cal. 5th 1057, 1062-63 (2017) in which the California Supreme Court
21 and California Court of Appeal rejected "similar arguments" to defendant's argument
22 that a government entity's employment decisions constitute "protected activity."
23 (Doc. 34 p. 6:1.) Defendant was aware of this controlling authority before it filed its
24 motion and "cite[d] no authority" for its position that *Nam* and *Park* are
25 distinguishable. (Doc. 34, p. 8:5-6, Doc. 18-2 ¶ 9, Ex. 8.)
26    The Court further ordered Plaintiff to "submit an itemization detailing the
27 attorneys' fees incurred in opposing the Defendant's motion to dismiss her *federal
28 claims* . . . .", thereby finding that the motion was frivolous, at least as to Plaintiff's

federal claims. (Doc. 34 p. 10.) To comply with the Court's order, Plaintiff could not simply file a copy of its attorneys' time entries and expect the Court to determine the proper amount of fees to award. (Declaration of Evan Dwin "Reply Dwin Decl." ¶ 3.) Accordingly, Plaintiff prepared a fee application in which she briefed the relevant law related to the "lodestar" amount, submitted a detailed declaration and supporting evidence related to the time spent, the reasonable hourly rate for attorneys and an appropriate manner in which to apportion the fees so as to address the Court's request for a specific apportionment to the federal claims. (*Id.*; *see also* Doc. 37.)

On December 5, 2019, Defendant filed an opposition to Plaintiff's application in which it seeks to re-litigate the issue of whether a fee award is proper. (Doc. 48, p. 1:24-27.) Defendant submits no evidence in support of its opposition. *Id.*

### III. THERE ARE NO GROUNDS TO RECONSIDER THE COURT'S ORDER AWARDING PLAINTIFF HER ATTORNEYS' FEES.

Federal Rule of Civil Procedure 60(b) permits reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F. 3d 1255, 1263 (9th Cir. 1993).

The parties briefed the issue of attorneys' fees in the anti-SLAPP motion and Opposition. The Court denied anti-SLAPP motion and awarded Plaintiff her attorneys' fees. The only remaining issue is the amount. Thus, Defendant's new argument that Plaintiff is not entitled to recover her fees is an improperly noticed request for reconsideration. Further, because the opposition is not based on new evidence, there is no basis for the Court to reconsider its order awarding Plaintiff her attorneys' fees and ordering an itemization.

### IV. PLAINTIFF IS ENTITLED TO RECOVER ATTORNEYS' FEES.

Pursuant to Code of Civil Procedure section 425.16(c)(1):

> [A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5.

The fees and cost provisions of the anti-SLAPP statute apply in federal court. *U.S. v. Lockheed Missles & Space Co., Inc.* 190 F.3d 963, 972-73 (9th Cir. 1999). "Frivolous" means that "any reasonable attorney would agree that such a motion is totally devoid of merit." *Moore v. Shaw*, 116 Cal. App. 4th 182, 199 (2004). An anti-SLAPP motion lacks merit where the defendant fails to "meet the threshold burden of demonstrating that the communication at issue in the complaint was made in furtherance of [the] defendant's constitutional right of free speech in connection with public issue." *Workman v. Colichman*, 33 Cal. App. 5th 1039, 1056 (2019). This especially true where the case law is clear that the acts underlying the Plaintiff's causes of action were not acts "in furtherance of the right of petition or free speech." *Id.* (affirming fee award where defendant filed frivolous anti-SLAPP motion).

In *Moore*, the plaintiff sued an attorney on various tort claims based on the attorneys' drafting of a termination agreement for a trust. *Id.* at 190. The attorney brought an anti-SLAPP motion, claiming that her work constituted the exercise of the right to free speech and to petition. *Id.* The trial court denied the anti-SLAPP motion and denied the plaintiff's request for attorneys' fees. The Court of Appeal reversed and remanded as to the denial of the fee motion. In determining that the anti-SLAPP motion was frivolous, the court reasoned that "[defendant] failed meet her threshold burden of establishing the challenged cause of action arose from protected activity" because she could not show that her alleged actions were "in furtherance of the right of petition or free speech in connection with a public issue." *Id.* at 199.

Here, like the defendant in *Moore*, Defendant failed make a threshold showing that any of Plaintiff's claims arose out of any conduct in furtherance of Defendant's

right to petition or free speech. Further, Defendant willfully ignored controlling authority where the California Supreme Court and Court of Appeal held that nearly identical claims to Plaintiff's did not arise out of protected activity. Moreover, Defendant brought the motion as to federal claims even though the law is clear that an anti-SLAPP motion cannot apply to them. Thus, the entire motion is frivolous. Accordingly, if the Court does reconsider its order awarding partial award of attorneys' fees, it should be to award Plaintiff <u>all</u> of her attorneys' fees.

      Even if the motion is frivolous only as to the federal claims, similar cases regarding a defendant who partially prevails on an anti-SLAPP motion demonstrate that it is appropriate to award Plaintiff a portion of her attorney's fees. For example, in *Mann v. Quality Old Time Service, Inc.*, 139 Cal. App. 4th 328, 335-336 (2006), the defendant was successful in dismissing some, but not all, of the plaintiff's claims on an anti-SLAPP motion. The defendant appealed an order reducing its attorneys' fees because, under some fee shifting statutes there is no reduction for work on unsuccessful claims that "are so intertwined that it would be impracticable, if not impossible, to separate" the time into "compensable and non-compensable units." *Id.* at 342 (*citing Bell v. Vista Unified School Dist.*, 82 Cal. App. 4th 672, 687 (2000). The court held that because of the competing policies inherent in the anti-SLAPP statute, a partially successful prevailing defendant should not "as a matter of right" recover all of its fees. *Mann, supra*, 139 Cal. App. 4th at 344-45. Instead:

> [T]he court should first determine the lodestar amount for the hours expended on the successful claims, and, if the work on the successful and unsuccessful causes of action was overlapping, the court should then consider the he defendant's relative success on the motion in achieving his or her objective, and reduce the amount if appropriate.

*Id.* at 345. In reaching this conclusion, the court recognized that while there is a strong public policy to discourage meritless SLAPP claims by compelling a SLAPP plaintiff to bear defendant's litigation costs incurred to eliminate the claim from the

lawsuit, there is also a strong public policy to permit a plaintiff who has facially valid claims to exercise her constitutional petition rights by litigating those claims in court. *Id.* at 344-45. This policy was recognized in Code of Civil Procedure section 425.17, in which the Legislature found there is a rise in the "disturbing abuse of Section 425.16 . . . which has undermined the exercise of the constitutional rights of freedom of speech and the petition for the redress of grievances." *Id.* at 344.

      The Court's approach in *Mann* is equally applicable to a prevailing plaintiff who is forced to oppose an anti-SLAPP motion that is frivolous as to some but not all of claims. Indeed, based on the strong public policy against abusive anti-SLAPP motions that chill the redress of civil rights violations, this case, where a powerful public entity brought a baseless anti-SLAPP motion against an employee pursuing her civil rights, is a perfect example of the kind of abusive motion - whether frivolous in whole or in part – that will chill participation in the judicial process and must be discouraged through sanctions. Thus, it is proper for this Court to follow the procedure established for awarding fees to partially prevailing defendants and order Defendant to pay Plaintiff's fees as to any portion of the motion deemed frivolous.

      Applying these factors, Plaintiff's allocation is extremely reasonable. Plaintiff prevailed on the entire motion, and the court already ruled the motion was frivolous at least in part. Further, nearly all of the arguments that applied to Plaintiff's state law claims, such as whether the claims arise out of protected activity and whether Defendant's purported reasons for Plaintiff's termination are pretextual, applied in equal part to Plaintiff's federal claims. While Plaintiff <u>hoped</u> the Court would agree that the anti-SLAPP statute does not apply to federal claims, she still had to argue that her federal claims did not arise from protected activity and that they have merit. Moreover, where attorneys' fees must be allocated between recoverable and non-recoverable issues related to an anti-SLAPP motion "counsel is not required to perfectly segregate their fees, particularly when legal theories overlap or coincide . . . ." *Kearny v. Foley & Lardner*, 2008 U.S. Dist. LEXIS 85136 **4-5 (S.D. Cal.,

decided Mar. 18, 2008). Thus, recognizing the difficulty in allocating specific tasks to overlapping claims, Plaintiff's request for only two sevenths of her attorneys' fees is more than reasonable.

## V. THE COURT DOES NOT LACK JURISDICTION ON ANY ISSUE.

After forcing Plaintiff to oppose a frivolous motion, Defendant now claims the Court "lacks jurisdiction" to award fees based on the statute Defendant invoked in its own motion and under which <u>it sought to recover its own attorneys' fees</u>. This argument has no merit, even ignoring the fact that it was Defendant's choice to remove the case to federal court then file an anti-SLAPP motion as to federal claims.

In support of its "jurisdictional" argument Defendant falsely states that "Ninth District [sic] cases have held that since Section 425.16 does not apply to federal claims, the Court lacks jurisdiction to even hear such a motion, and the Appellate Court 'lack[s] jurisdiction to review it.'" However, the case Defendant cites for this argument, *Hilton v. Hallmark Cards*, 599 F.3d 894, 900-901 (9th Cir. 2009), holds nothing of the sort. In *Hilton*, the court dismissed an appeal of an order denying of a <u>motion to dismiss</u> both federal and state law claims under Rule 12(b)(6) because it was an interlocutory order. Notably, the court reasoned that it lacked jurisdiction to hear to appeal on the motion to dismiss because it was not "inextricably intertwined" with the appeal of an order denying the defendant's separate anti-SLAPP motion. *Id.* at 900. Further, the Court held that it <u>did</u> have jurisdiction over the anti-SLAPP order because such orders are within "a narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, . . . nonetheless be treated as final." Thus, if anything, *Hilton*, where the Defendant made sure <u>not</u> to improperly include federal claims in its anti-SLAPP motion, confirms that federal courts in the Ninth Circuit have jurisdiction to hear all issues related to an anti-SLAPP motion. *Id.* at 901.

Defendant incorrectly claims that "where section 425.16 does not apply, the courts have treated such motions as a motion to dismiss or a motion for summary

judgment." While federal courts apply the motion to dismiss or summary judgment standard to <u>all</u> anti-SLAPP motions depending on whether they challenge the legal or factual sufficiency of the claims, the law is clear that anti-SLAPP statute's fee and cost provisions contained in Section 425.16(c) also always apply. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F. 3d 828, 833-834 (9th Cir. 2018); *see also Metabolife Intern., Inc. v. Wornick*, 264 F. 3d 832, 845 (2001). Thus, while it is strange for Defendant to claim its motion is not frivolous by arguing it was not properly filed in federal court in the first place, there is no doubt that the Court has jurisdiction to enforce the fee shifting provisions of the anti-SLAPP statute.

## VI. PLAINTIFF'S REQUESTED FEES ARE NOT EXCESSIVE.

Defendant's anti-SLAPP motion was voluminous, complex and without merit. Defendant cited 36 different cases and 13 statutes and submitted more than 800 pages of purported evidence. In her opposition, Plaintiff cited 56 different cases and 14 statutes in her opposition and submitted approximately 115 pages of evidence. Plaintiff also had to respond to Defendant's improperly submitted supplemental briefing. Thus, it was more than reasonable for two attorneys to spend a total of 74.2 hours to prepare the opposition, which achieved a complete denial of the motion.

In addition, Plaintiff's counsel's time records are highly detailed. There is are no "block" entries and the time spent on each task is specific to the task performed. (Doc. 37-1 ¶ 10, Ex. 1.) Further, in claiming Plaintiff's bills are excessive, Defendant deliberately mischaracterizes the record. For example, Defendant claims that that Mr. Mendez-Pintado entered 6.4 hours of time to review the declaration of Jeffrey Love which Defendant states is "three pages long." Defendant fails to mention that the exhibit to the declaration, Mr. Love's investigative report, is <u>220 pages long</u> and is critical to Defendant's claim that it legitimately terminated Plaintiff and to Plaintiff's claim that her termination was pretextual. Mr. Mendez-Pintado also did not simply "review" the declaration but rather, reviewed it for "facts and citations to the record." Obviously, it takes time to review and analyze a 220-page report, determine which

facts are relevant to the opposition, and make citations to specific pages. To perform that important and difficult task in 6.4 total hours was impressively efficient for a first-year attorney, as it was for him to perform a similar task with respect to Dr. Kahn's 298 page declaration in only 2.6 hours. Defendant's claim that this work was duplicative because Plaintiff's more senior counsel had "surely reviewed" these documents "previously" is absurd. Plaintiff's counsel is not required remember the complete contents of 500 pages of documents, then, at some point in the future, be able to accurately cite to specific facts and page numbers. Thus, this Court should reject Defendant's unsupported argument that Plaintiff's requested fees are excessive.

### VII. PLAINTIFF IS ENTITLED TO RECOVER HER "FEES ON FEES."

Recoverable fees include fees for all hours "necessary to establish and defend the fee claim." *Serrano, supra*, 32 Cal. 3d at 369. To comply with the Court's Order to provide an "itemization detailing the attorneys' fees" as to the "federal claims," Plaintiff needed to draft a brief explaining its apportionment and including sufficient evidence to establish the number of hours spent on the motion and the reasonable rate for similar attorneys in the District. This was not a simple task, and required significant research and analysis and substantial evidence. Thus, 11.9 hours, which does not include the time spent on this reply brief, was a reasonable amount of time to spend on the fee application. Thus, the fee award should include $6,545 for briefing the fee application, plus $3,300 related to this reply. (Reply Dwin Decl. ¶ 4.)

### VIII. CONCLUSION

For all of the above reasons, this Court should award Plaintiff a total of $19,414.56 (*i.e.*, $16,114.56 requested in the fee motion plus $3,300 for the reply).

Dated: December 11, 2019         **DWIN LEGAL, APC**

By: /s/ Evan Dwin
         Evan Dwin
Attorneys for Plaintiff KATHRYN KAILIKOLE